**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number (*if known*): _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Accuride Corporation** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 6 1 - 1 1 0 9 0 7 7 |

4. **Debtor's address**

**Principal place of business**

**38777 Six Mile Road**
Number          Street

**Suite 410**

**Livonia**          **MI**          **48152**
City          State          Zip Code

**Wayne**
County

Mailing address, if different from principal place of business

Number          Street

P.O. Box

City          State          Zip Code

Location of principal assets, if different from principal place of business

Number          Street

City          State          Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.accuridecorp.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Accuride Corporation** | Case number *(if known)* | |
|--------|--------------------------|--------------------------|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3363 (Motor Vehicle Parts Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|----------|---|------|------------|-------------|---|
| District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Accuride Corporation** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor **See Rider 1**     Relationship **Affiliate**

District **District of Delaware**

When **10/09/2024**
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number      Street

_____
City      State      Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor   **Accuride Corporation**                    Case number *(if known)*
         Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/09/2024**
               MM/ DD / YYYY

✗   **/s/ Charles M. Moore**                           **Charles M. Moore**
    Signature of authorized representative of debtor    Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

✗   **/s/ Joseph Barry**                    Date   **10/09/2024**
    Signature of attorney for debtor               MM/DD/YYYY

**Joseph Barry**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square, 1000 North King Street**
Number                        Street

**Wilmington**                          **Delaware**    **19801**
City                                    State          ZIP Code

**(302) 571-6600**                      jbarry@ycst.com
Contact phone                           Email address

**4221**                                **Delaware**
Bar number                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Accuride Corporation.

- **Accuride Corporation**
- **Accuride Distributing, LLC**
- **Accuride EMI, LLC**
- **Accuride Erie L.P.**
- **Accuride Group Holdings, Inc.**
- **Accuride Henderson Limited Liability Company**
- **Accuride Intermediate Co., Inc.**
- **AKW General Partner L.L.C.**
- **AOT, LLC**
- **Armor Parent Corp.**
- **Bostrom Holdings, Inc.**
- **Bostrom Seating, Inc.**
- **Gunite Corporation**
- **KIC LLC**
- **Transportation Technologies Industries, Inc.**
- **Truck Components, Inc.**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACCURIDE CORPORATION, | Case No. 24-_____(___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Armor Parent Corp. | 38777 Six Mile Road, Suite 410 Livonia, MI 48152 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ACCURIDE CORPORATION, | ) | Case No. 24-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Armor Parent Corp. | 100% |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name: | **Accuride Corporation** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| Case number (If known): | **24-12289** |

☑ Check if this is an
amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Matalco Inc. - Division of Giampaolo Group 850 Intermodal Drive Brampton, ON L6T 0B5 Canada | Attn: Chris Galifi Title: Chief Executive Officer Phone: (905) 790-2511 Email: cgalifi@gg-inc.ca | Trade Payables | | | | $22,785,608 |
| 2 | Zhumadian Cimc Huajun Casting Co, Ltd West Section Of Xuesong Rd Zhumadian City, H, 518067 China | Attn: Mr. Li Shijie Title: General Manager Phone: 86-396-3678891 Email: Shijie.li@cimc.com | Trade Payables | | | | $12,573,286 |
| 3 | Trailer Master Cvs Inc/ Panasia Logistics No 24, Mangniuhe St Kazuo, Liaoning, 122304 China | Attn: Mr. Yang Naiyi Title: Chief Executive Officer Phone: 86-421-7095678 Email: yangnaiyi@trailer-master.com | Trade Payables | | | | $7,244,689 |
| 4 | Ternium Mexico, SA De CV Ave. Universidad No. 992 Cuauhtemoc San Nicolas De Los G, 66450 Mexico | Attn: Máximo Vedoya Title: Chief Executive Officer Phone: (52) 81 8865-2828 Email: mvedoya@me.com | Trade Payables | | | | $6,514,772 |
| 5 | Hydro Aluminum Metals USA, LLC 1500 Whetstone Way Baltimore, MD 21230 United States | Attn: Anne-Lene Midseim Title: Executive Vice President for Compliance, IP and General Counsel Phone: (443) 835-3133 Email: anne-lene.midseim@hydro.com | Litigation & Trade Payables | Contingent, Unliquidated | | | $4,088,686 |
| 6 | Heidtman Steel Products Inc 135 Fearing Blvd Toledo, OH 43609 United States | Attn: Tim Berra Title: President Phone: (618) 451-0052 Email: tim.berra@heidtman.com | Trade Payables | | | | $3,807,763 |
| 7 | Ellwood Aluminum 7158 Hubbard-Masury Road Hubbard, OH 44425 United States | Attn: Pat Callihan Title: President Phone: (330) 534-8668 Email: easales@elwd.com | Trade Payables | | | | $3,715,327 |
| 8 | Behr Iron and Metal, an Alter Company 1100 Seminary St Rockford, IL 61104 United States | Attn: Lisa Walden Title: Chief Financial Officer Phone: 314.872.2422 Email: lisa.walden@altertrading.com | Trade Payables | | | | $2,286,907 |
| 9 | Shandong Juncheng Metal Technology Co., Ltd West Of Chiyu Road, South Of Beihuan Road, Xinfa Street Shandong Province, Shandong, 252100 China | Attn: Mr. Sun Pu Title: Chief Executive Officer Phone: 86-531-67808999 Email: sun@xinfawheels.com | Trade Payables | | | | $2,272,309 |
| 10 | BÜYÜK EKER BIJON SANAYI VE TICARET A.S. Kosb 9. Sokak No:29, Selçuklu, 42050 Konya, 42, 42050 Turkey | Attn: Mr. Ali Eker Title: Owner Phone: 90-332-239-1440 Email: alieker@ekerbijon.com.tr | Trade Payables | | | | $1,855,296 |
| 11 | Worthington Steel Co 350 Lawton Ave Monroe, OH 45050 United States | Attn: Geoff G. Gilmore Title: President and Chief Executive Officer Phone: (800) 944-3733 Email: geoff.gilmore@worthingtonindustries.com | Trade Payables | | | | $1,851,409 |
| 12 | CH Robinson PO Box 9121 Minneapolis, MN 55480 United States | Attn: David Bozeman Title: Chief Executive Officer Phone: (952) 937-8500 Email: dave.bozeman@chrobinson.com | Trade Payables | | | | $1,423,275 |
| 13 | Stonebriar Finance Holdings LLC 5601 Granite Parkway Suite 1350 Plano, TX 75024 United States | Attn: Dave Fate Title: Chief Executive Officer Phone: (469) 609-8500 Email: dave.fate@stonebriarcf.com | Trade Payables | | | | $1,350,337 |
| 14 | Cimco Resources Inc PO Box 15427 Loves Park, IL 61111 United States | Attn: John Gralewski Title: Chief Executive Officer Phone: (815) 986-7211 Email: john@cimcoresources.com | Trade Payables | | | | $1,275,144 |
| 15 | Sherwin-Williams Company 101 Prospect Avenue NW Cleveland, OH 44115 United States | Attn: Jason Bolz Title: VP North America Sales Phone: (270) 826-3396 Email: Jason.bolz@sherwin.com | Trade Payables | | | | $1,149,670 |
| 16 | Workday Inc 6230 Stoneridge Mall Road Pleasanton, CA 94588 United States | Attn: Carl M. Eschenbach Title: Chief Executive Officer Phone: 650-427-1000 Email: carl.eschenbach@workday.com | Trade Payables | | | | $1,138,073 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Roysters Machine Shop LLC 215 U.S. 41 South P.O. Box 1199 Henderson, KY 42420 United States | Attn: R. Michael Royster Title: President Phone: (270) 826-3396 Email: mwr@roystersmachine.com | Trade Payables | | | | $1,111,438 |
| 18 | Motion Industries Inc 2544 Mjm Industrial Dr Evansville, IN 47715 United States | Attn: Will Stengel Title: President and Chief Executive Officer Phone: (678) 934-5000 Email: will.stengel@motionindustries.com | Trade Payables | | | | $1,089,869 |
| 19 | C Thorrez Industries Inc 4909 W Michigan Ave Jackson, MI 49201 United States | Attn: Michael Thorrez Title: President Phone: (517) 750-3160 Email: mlt@thorrez.com | Trade Payables | | | | $1,057,788 |
| 20 | AG Net Lease IV(US) Holdco LLC c/o Angelo, Gordon & Co., L.P. 245 Park Avenue, 24th Floor New York, NY 10167-0094 United States | Attn: Gordon J. Whiting Title: Co-Head of Net Lease Real Estate Phone: (212) 883-4157 Email: GWhiting@angelogordon.com | Rent | | | | $1,036,984 |
| 21 | Allied Mineral Products Inc 2700 Scioto Parkway Columbus, OH 43215 United States | Attn: Paul Jamieson Title: President and Chief Executive Officer Phone: (614) 876-0244 Email: pdj@alliedmin.com | Trade Payables | | | | $698,789 |
| 22 | Advanced Crane Technicians 12516 Patterson Road Durand, IL 61024 United States | Attn: Deeter Meier Title: President Phone: (815) 248-4270 Email: dmeier@advanced-crane.com | Trade Payables | | | | $698,101 |
| 23 | Shandong Haoxin Co.,Ltd. Weizi Town Changyi City, Shandong, 261041 China | Attn: Mr. Jin Zhenwhei Title: General Manager Phone: 86-536-5590000 Email: jinzhenwei@haoxingroup.com | Trade Payables | | | | $697,059 |
| 24 | Steel Technologies LLC Shelbyville Road 15415 Louisville, KY 40245 United States | Attn: Tracy Humble Title: Director of Credit Phone: (502) 992-2534 Email: jmucci@sttxna.com | Litigation & Trade Payables | Contingent, Unliquidated, Disputed | | | $643,411 |
| 25 | KT Industries 3525 Del Mar Heights Rd.#452 San Diego, CA 92135 United States | Attn: Ron Han-Su Kim Title: President and Chief Executive Officer Phone: (619) 254-1572 Email: ron@ktindus.com | Trade Payables | | | | $633,319 |
| 26 | Varilease Finance Inc 2800 East Cottonwood Parkway Salt Lake City, UT 84121 United States | Attn: Gregory Adondakis Title: Chief Executive Officer Phone: (866) 731-8100 Email: gadondakis@vfi.net | Trade Payables | | | | $604,955 |
| 27 | Trucent Separation Technologies 29400 Network Place Chicago, IL 60673-1400 United States | Attn: Thomas Czartoski Title: President and Chief Executive Officer Phone: (734) 212-8483 Email: tczartoski@trucent.com | Trade Payables | | | | $596,512 |
| 28 | CTC Packaging 5264 Lake Street P.O.Box 456 Sandy Lake, PA 16145 United States | Attn: Dustin Staples Title: President Phone: (724) 376-7315 Email: dustin.staples@ctcpackaging.com | Trade Payables | | | | $570,187 |
| 29 | Victory Packaging 3555 Timmons Lane, Suite 1400 Houston, TX 77027 United States | Attn: Benjamin Samuels Title: Chief Executive Officer Phone: (888) 261-1268 Email: benjaminsamuels@victorypackaging.com | Trade Payables | | | | $500,165 |
| 30 | Pension Benefit Guaranty Corporation (PBGC) 1200 K Street, Nw Washington, DC 20005 United States | Attn: Patricia Kelly Title: Chief Financial Officer Phone: (202) 229-3033 Email: kelly.patricia@pbgc.gov | Pension Benefit Plan Liability | Unliquidated | | | Undetermined |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Accuride Corporation** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | <u>10/09/2024</u> | ☒ */s/ Charles M. Moore* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Charles M. Moore** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS UNANIMOUS WRITTEN CONSENT IN LIEU
OF A SPECIAL MEETING OF THE GOVERNING BODIES
October 8, 2024**

The undersigned, being (a) all members of the board of directors of Accuride Group Holdings, Inc., (b) all members of the board of directors of Accuride Intermediate Co., Inc. (c) all members of the board of directors of Armor Parent Corp.; (d) all members of the board of directors of Accuride Corporation; (e) the sole member of AWK General Partner L.L.C.; (f) the sole member of the board of directors of AOT, LLC; (g) the sole member of Accuride Distributing, LLC; (h) the sole member of Accuride EMI, LLC; (i) the limited partner and the sole member of the general partner of Accuride Erie L.P.; (j) the sole member of Accuride Henderson Limited Liability Company; (k) the sole member of the board of directors of Bostrom Holdings, Inc.; (l) the sole member of the board of directors of Bostrom Seating, Inc.; (m) the sole member of the board of directors of Gunite Corporation; (n) the sole manager of KIC LLC; (o) the sole member of the board of directors of Transportation Technologies Industries, Inc.; and (p) the sole member of the board of directors of Truck Components, Inc. (the companies in clauses (a) through (p), each, a "Company" or a "Filing Entity" and, collectively, the "Companies" or the "Filing Entities," and the governing bodies in thereof, each a "Governing Body" and collectively, the "Governing Bodies") pursuant to each Company's applicable governing document (the "Governing Agreement") and the laws of the state of Delaware, hereby take the following actions and adopt the following resolutions, by unanimous written consent:

**WHEREAS**, the Governing Bodies, having reviewed and considered (a) the filing of a voluntary petition for relief for each Company under the provisions of chapter 11 and title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") pursuant to applicable law and in accordance with the requirements of each Company's Governing Documents and applicable law; (b) entry into and performance under the DIP Facility Documents (as defined herein); and (c) the approval of the Restructuring Term Sheet (as defined herein) (collectively, the "Restructuring Matters");

**WHEREAS**, substantially contemporaneously herewith, Accuride Corporation and Accuride Canada, Inc. ("Accuride Canada") shall into those certain Intercompany Agreement and Intercompany Loan Agreement (the "Intercompany Agreements") setting forth the terms pursuant to which Accuride Corporation will provide funding for Accuride Canada to support its operations during Accuride Canada's proceeding under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA" and the proceeding thereunder, the "CCAA Proceeding") and in exchange for which Accuride Canada shall grant the Filing Entities a "priority charge" in the CCAA Proceeding against Accuride Canada's assets, held by the Filing Entities for the sole benefit of the agent and lenders under the DIP Facility (as defined herein); and

**WHEREAS**, the Governing Bodies, having reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company,

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable Governing Documents of each Company, the undersigned do hereby adopt the following resolutions:

## I.    Chapter 11 Filing

**RESOLVED**, in the business judgment of the Governing Bodies, it is desirable and in the best interest of each Company, the stakeholders, the creditors, and other parties in interest, that each Company files or causes to be filed voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and

**RESOLVED FURTHER**, any director, manager, or other duly appointed officer of each Company (collectively, the "<u>Authorized Persons</u>") shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company or any of its subsidiaries' businesses.

## II.    Retention of Professionals

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each Company:  (a) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as bankruptcy counsel; (b) Young Conaway Stargatt & Taylor, LLP as local bankruptcy counsel; (c) Perella Weinberg Partners LP as investment banker; (d) Alvarez & Marsal North America, LLC to (i) provide the Filing Entities with a chief restructuring officer and certain additional personnel and (ii) designate Charles Moore as chief restructuring officer of the Filing Entities; (e) Omni Agent Solutions, Inc. as claims and noticing agent; and (f) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications,

pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### III.    Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

**RESOLVED FURTHER,** to the extent applicable to each Company, in the business judgment of the Governing Bodies, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (a) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (the "Prepetition Secured Lenders") party to (i) that certain Amended and Restated ABL Credit Agreement, dated as of June 1, 2018 by and among Armor Parent Corp., as holdings, the foreign borrowers from time to time party thereto, the Company guarantors from time to time party thereto, the lenders from time to time party thereto, Bank of America, N.A., as administrative agent and collateral agent, and the other parties thereto and (ii) that certain Term Loan Credit Agreement, dated as of November 18, 2016 by and among Armor Parent Corp., as holdings, the Company guarantors from time to time party thereto, the lenders from time to time party thereto, Alter Domus (US) LLC (as successor in interest to Royal Bank of Canada), as administrative agent and collateral agent, and the other parties thereto; and (b) the incurrence of debtor-in-possession financing obligations ("DIP Financing") by entering into a superpriority senior secured term loan credit facility (the "DIP Facility") in an aggregate original principal amount of up to $103 million consisting of (i) up to $30 million of new money term loans (the "DIP New Money Loans") and (ii) roll-up loans in an aggregate original principal amount of approximately $73 million representing a roll-up and conversion in full, on a cashless, dollar-for-dollar basis, of the Prepetition Term Loans (as defined in the DIP Credit Agreement referred to below), together with all accrued and unpaid interest, fees, expenses, and other amounts (the "DIP Roll-Up Loans" and, together with the DIP New Money Loans, the "DIP Loans"), in each case, pursuant to the terms and conditions of that certain *Senior Secured Superpriority Debtor-in-Possession Credit Agreement* (as the same may be amended, restated, amended and restated, supplemented, waived and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the Companies party thereto, the lenders party thereto, and Alter Domus (US) LLC, as administrative agent and collateral agent;

**RESOLVED FURTHER**, in order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") as documented in the proposed interim and final orders (collectively, the "DIP Orders") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Lenders to enter into any of the DIP Facility Documents (as defined herein), such consent has been (or will be) obtained from the Prepetition Secured Lenders (as defined in the DIP Credit Agreement);

**RESOLVED FURTHER**, in the business judgment of the Governing Bodies, the form, terms, and provisions of the DIP Credit Agreement and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction considered by the DIP Orders (collectively, the "DIP Facility Documents"), substantially in the forms circulated to the Authorized Persons, and each Company's execution,

delivery, and performance of their obligations under the DIP Facility Documents, including, without limitation, the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved;

**RESOLVED FURTHER**, each Company will obtain benefits from the incurrence of the borrowings under the DIP Credit Agreement and the other obligations under the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) which are necessary and convenient to the conduct, promotion, and attainment of the business of each Company;

**RESOLVED FURTHER**, to the extent applicable, each Company shall be, and is hereby, authorized to enter into the DIP Facility Documents and incur the obligations thereunder (the "DIP Obligations"), including the borrowing of the loans under the DIP Credit Agreement, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the DIP Credit Agreement), to the DIP Agent, and each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute, deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of each Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such further actions to be taken, and to execute and deliver all such further agreements, documents, instruments, certificates, recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder, and to guarantee the payment and performance of the DIP Obligations of each Company and any other guarantor thereunder;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the DIP Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations

to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, directed, and empowered, in the name of, and on behalf of, each Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Company are or will be party or any order entered into in connection with the chapter 11 cases (together with the DIP Facility Documents and the DIP Orders, the "DIP Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve;

**RESOLVED FURTHER**, the Companies, as debtors and debtors in possession under the Bankruptcy Code, be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on its assets to secure such obligations; and

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Financing Documents or to do such other things which shall in his or her or their sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

### IV.    Approval of the Restructuring Term Sheet

**RESOLVED FURTHER**, that in the business judgment of the Governing Bodies, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that each such Company approve that certain restructuring term sheet  (as amended and including all exhibits and schedules hereto, the "Restructuring Term Sheet") (substantially in the form presented to the Governing Bodies, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof), and that such Company's performance of its obligations under the Restructuring Term Sheet be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED FURTHER**, that in the business judgment of the Governing Bodies, it is desirable and in the best interests of such Company, its creditors and the other parties in interest, that the Authorized Persons, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to approve the Restructuring Term Sheet (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby) and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Person may approve, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof), and that such Company's entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, together with the Advisors, to file all other documents deemed necessary to support the Restructuring Matters, including, but not limited to, any amendments to and modifications of any documents deemed necessary; and

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Term Sheet (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

## V.    Intercompany Agreements

**RESOLVED FURTHER**, that in the business judgment of the Governing Bodies, it is desirable and in the best interests of Accuride Corporation to enter into the Intercompany Agreements (substantially in the form presented to the Governing Bodies, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof), and that such Company's performance of its obligations under the Intercompany Agreements be and hereby is, in all respects, authorized, approved, confirmed and ratified; and

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of Accuride Corporation, (i) to perform or cause to be performed on behalf of the Company, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Person deems to be in the best interests of the Company; and (ii) to take all such further actions, or cause all such further actions to be taken, and to execute and

deliver all such further agreements, documents, instruments, certificates, recordings, and filings, in the name and on behalf of the Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolution and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person.

## VI.    Approval of Minutes

**RESOLVED FURTHER**, the Governing Bodies of Accuride Group Holdings, Inc., Accuride Intermediate Co., Inc., Armor Parent Corp., and Accuride Corporation hereby approve the minutes of their respective June 19, 2024, June 27, 2024, July 1, 2024, and September 23, 2024 meetings substantially in the form presented to the Governing Bodies;

**RESOLVED FURTHER**, any and all acts taken, transactions entered, or agreements or certificates previously signed on behalf of the Company by any of the Authorized Persons of the Company as any of the Authorized Persons may designate, in connection with the foregoing matters, and in furtherance thereof be, and hereby are, in all respects approved, ratified, and confirmed as the acts and/or deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Bodies and that the Authorized Person did execute the same; and

**RESOLED FURTHER**, any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person, and by such Authorized Person's execution of any document, agreement, or instrument, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms.

## VII.    Further Actions and Prior Actions

**RESOLVED FURTHER**, each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including, without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**RESOLVED FURTHER**, in addition to the specific authorizations conferred upon the Authorized Persons herein, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of each Company relating to the Restructuring Matters;

**RESOLVED FURTHER**, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**RESOLVED FURTHER**, each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body;

**RESOLVED FURTHER**, any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with their Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.  This consent may be executed in as many counterparts as may be required and all counterparts shall collectively constitute one and the same consent;

**RESOLVED FURTHER**, that this consent may be executed in multiple counterparts or copies, each of which shall be deemed an original for all purposes.  One or more counterparts or copies of this consent, or signature pages hereto, may be executed by one or more of the undersigned, and some different counterparts, copies, or signature pages executed by one or more of the other undersigned.  Each counterpart or copy hereof so executed by any of the undersigned shall be binding upon the undersigned executing the same even though other of the undersigned may execute one or more different counterparts, copies, or signature pages, and all counterparts or copies hereof (including any such signature pages) so executed shall constitute one and the same consent.  Each of the undersigned, by execution of one or more counterparts or copies hereof or signature pages hereto, expressly authorizes and directs the secretary or any assistant secretary of each Company, or counsel to each Company, to affix the signature pages executed by the authorizing director to one or more other counterparts or copies hereof so that upon execution of

multiple counterparts or copies hereof or signature pages hereto by all of the undersigned, there shall be one or more counterparts or copies hereof to which is (are) attached signature pages containing signatures of all of the undersigned;

**RESOLVED FURTHER**, that this consent and signature pages hereto may be executed and delivered by electronic means (including electronic image, facsimile, ".pdf," ".tif," and ".jpeg"), and thereupon shall be treated in each case and in all manner and respects and for all purposes as an original and shall be considered to have the same binding legal effect as if it were an original manually-signed counterpart hereof delivered in person; and

**RESOLVED FURTHER**, that this consent shall become effective as of the date first set forth above upon each Company's receipt of the executed counterpart signature pages from the respective members of each Governing Body.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of each Governing Body, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each Company is organized.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____
Name:  Jason Luo

By: _____
Name:  Thomas S. Murphy, Jr.

By: _____
Name:   Alexander M. Rose

By: _____
Name:   Bradford Williams

By: _____
Name:  Robin Kendrick

By: _____
Name:  Steven Panagos

By: _____
Name:  Edward J. Stenger

**Being all members of the Board of Directors of:**

ACCURIDE GROUP HOLDINGS, INC.

ARMOR PARENT CORP.

ACCURIDE CORPORATION

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____
Name:  Jason Luo


By: _____
Name:  Thomas S. Murphy, Jr.

DocuSigned by:

*Alexander M. Rose*

By: _____
DCB977070B0144B...
Name:   Alexander M. Rose


By: _____
Name:  Bradford Williams


By: _____
Name:  Robin Kendrick


By: _____
Name:  Steven Panagos


By: _____
Name:  Edward J. Stenger

**Being all members of the Board of Directors of:**

ACCURIDE GROUP HOLDINGS, INC.

ARMOR PARENT CORP.

ACCURIDE CORPORATION

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____
Name:   Jason Luo


By: _____
Name:   Thomas S. Murphy, Jr.


By: _____
Name:    Alexander M. Rose


By: _____
Name:   Bradford Williams


By: _____
Name:   Robin Kendrick


By: _____
Name:   Steven Panagos


By: _____
Name:   Edward J. Stenger

**Being all members of the Board of Directors of:**

ACCURIDE GROUP HOLDINGS, INC.

ARMOR PARENT CORP.

ACCURIDE CORPORATION

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____
Name:   Jason Luo

By: _____
Name:   Thomas S. Murphy, Jr.

By: _____
Name:    Alexander M. Rose

By: _____
Name:   Bradford Williams

By: _____
Name:   Robin Kendrick

By: _____
Name:   Steven Panagos

By: _____
Name:   Edward J. Stenger

**Being all members of the Board of Directors of:**

ACCURIDE GROUP HOLDINGS, INC.

ARMOR PARENT CORP.

ACCURIDE CORPORATION

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____

Name:   Jason Luo

By: _____

Name:   Thomas S. Murphy, Jr.

By: _____

Name:   Alexander M. Rose

By: _____

Name:   Bradford Williams

By: _____

Name:   Robin Kendrick

**Being all members of the Board of Directors of:**

ACCURIDE INTERMEDIATE CO., INC.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____

Name:   Jason Luo

By: _____

Name:   Thomas S. Murphy, Jr.

By: _____

Name:    Alexander M. Rose

By: _____

Name:   Bradford Williams

By: _____

Name:   Robin Kendrick

**Being all members of the Board of Directors of:**

ACCURIDE INTERMEDIATE CO., INC.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____

Name:   Jason Luo

By: _____

Name:   Thomas S. Murphy, Jr.

By: _____

Name:    Alexander M. Rose

By: _____

Name:   Bradford Williams

By: _____

Name:   Robin Kendrick

**Being all members of the Board of Directors of:**

ACCURIDE INTERMEDIATE CO., INC.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

**ACCURIDE CORPORATION**

By: _____

Name: Robin Kendrick
Title:  Authorized Signatory

**Being the sole member of:**

AKW GENERAL PARTNER L.L.C.

ACCURIDE DISTRIBUTING, LLC

ACCURIDE EMI, LLC

ACCURIDE HENDERSON LIMITED
LIABILITY COMPANY

**Being the Limited Partner and sole member
of the General Partner of:**

ACCURIDE ERIE L.P.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

By: _____

Name:  Robin Kendrick
Title:  Authorized Signatory

**Being the sole manager or sole member of the Board of Directors of:**

AOT, LLC

BOSTROM HOLDINGS, INC.

BOSTROM SEATING, INC.

GUNITE CORPORATION

KIC LLC

TRANSPORTATION TECHNOLOGIES INDUSTRIES, INC.

TRUCK COMPONENTS, INC.