# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCURIDE CORPORATION, *et al.*,[1] | ) | Case No. 24-12289 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 52 & 53** |

## ORDER AUTHORIZING THE DEBTORS TO FILE
## THE ABL FEE LETTERS RELATED TO THE DIP FACILITY UNDER SEAL

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to file the ABL Fee Letters under seal; (b) directing that the ABL Fee Letters shall remain under seal and confidential and not be made available to anyone, without the prior written consent of the Debtors and the applicable Fee Letter Parties except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to any official committee appointed in these chapter 11 cases, and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the other Fee Letter Parties, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the other Fee Letter Parties that preserve the confidentiality of the ABL Fee Letters (and any information derived therefrom); and (c) granting related relief, all as more fully set forth in the Motion; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to file the ABL Fee Letters under seal. The ABL Fee Letters shall remain confidential, and shall not be made available to anyone, other than as provided in paragraph 3 of this Order, without prior written consent of the Fee Letter Parties or further order of the Court.

3. The Debtors are authorized to cause the ABL Fee Letters to be served on and made available, on a confidential basis, to: (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases (on a confidential and professional eyes only basis),

and (d) any other party as may be ordered by the Court or agreed to by the Debtors and the other Fee Letter Parties, in each case pursuant to appropriate confidentiality agreements satisfactory to the Debtors and the other Fee Letter Parties that preserve the confidentiality of the ABL Fee Letters (and any information derived therefrom).

4.  The Debtors and any party authorized to receive the ABL Fee Letters pursuant to this Order shall, subject to Local Rule 9018-1(c) and without further order of the Court: (a) redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases; and (b) not use or refer to the information contained in the ABL Fee Letters in any hearing unless appropriate safeguards have been put in place to protect the confidentiality of the information.

5.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.  This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 11th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE