**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ACCURIDE CORPORATION, *et al.*,[1] | ) ) ) | Case No. 24-12289 (JKS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket No. 118** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, and (d) approving the form and manner of notice of the Bar Dates all as more fully set forth in the Motion; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order* of Reference from the United States District Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie, L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **it is HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

**I.  The Proof of Claim Form**

2. The proof of claim form ("<u>Proof of Claim Form</u>"), substantially in the form attached hereto as **<u>Exhibit 1</u>**, is approved. The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Order.

**II.  The Bar Dates and Procedures for Filing Proofs of Claim**

3. Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, proof of claim, substantially in the form of the

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Proof of Claim Form or Official Form 410.[4] Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

a. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code,[5] must be filed so that they are ***actually received on or before 11:59 p.m., prevailing Eastern Time, on the date (the "General Bar Date") that is thirty (30) days after the later of (i) the date the Debtors file their Schedules and (ii) the date of the entry of this Order***, at the addresses and in the form set forth herein. The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in this Order.

b. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are ***actually received*** **on or before** ***April 7, 2025 at 11:59 p.m.***, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c. If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the

---

[4] Copies of Official Form 410 may be obtained by: (a) visiting Omni's secure online portal at https://cases.omniagentsolutions.com/Accuride; (b) calling the Debtors' restructuring hotline at: (866)-956-2136 (U.S. & Canada toll free) or (747); or (747)-263-0154; (c) writing (i) via first class mail, to 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367 or (ii) via email to: AccurideInquiries@OmniAgnt.com with a reference to "Accuride Corporation" in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[5] Section 503(b)(9) of the Bankruptcy Code permits an administrative expense for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

3

General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors serve notice of the amendment to the Schedules on such creditor (the "Amended Schedules Bar Date").

d.  Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").

4.  All proofs of claim must be filed so as to be actually received by Omni Agent Solutions, Inc. ("Omni"), the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).  If proofs of claim are not received by Omni on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, or otherwise ordered by the Court, the holders of the underlying claims shall be barred from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases and from asserting such claims against the Debtors and their property and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**III.    Parties Required to File Proofs of Claim**

5.  Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date are required to file proofs of claim on or before the applicable Bar Date:

a.  any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

4

    b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification and/ or amount other than that identified in the Schedules;

    c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d.    any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**IV.**    **Parties Exempted from the Bar Date**

6.    The following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

    a.    any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Omni in a form substantially similar to Official Form 410;

    b.    any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any entity whose claim has previously been allowed by order of the Court;

    d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

    e.    any Debtor having a claim against another Debtor;

    f.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

    g.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of

an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[6]

h. an employee of the Debtors who was employed as of the Petition Date, and any union on behalf of employees or retirees it represents, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit, including the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 94], and a former employee of the Debtors solely with respect to workers' compensation claims; *provided* that current employees of the Debtors and former employees of the Debtors must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i. any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j. any entity holding a claim for which a separate deadline is fixed by the Court;

k. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

l. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, the *Interim DIP Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 88] and any final order authorizing the use of cash collateral and/or postpetition financing (collectively, the "DIP Orders") (including the Prepetition Secured Parties).

---

[6] The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

**V.     Substantive Requirements of Proofs of Claim**

7.     The following requirements shall apply with respect to filing and preparing each proof of claim:

- a.  <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

- b.  <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

- c.  <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal) will be deemed acceptable for purposes of claims administration.[7]  The proofs of claim, whether submitted by hard copy or through the Online Portal, may be signed electronically by the claimant, an authorized agent, or legal representative thereof.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

- d.  <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Accuride Corporation.

- e.  <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted; *provided, however*, that the Debtors may agree in writing (email being sufficient), without further order of the Court, to permit a claimant to file a proof of claim asserting a claim against more than one Debtor if such proof of claim clearly identifies each Debtor and its corresponding liability.

- f.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If,

---

[7] Proofs of claim submitted by hard copy may be electronically signed by the claimant, an authorized agent, or legal representative thereof.

however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.  Timely Service. Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Omni on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**
**Accuride Corporation Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**If by Overnight Courier or Hand Delivery:**
**Accuride Corporation Claims Processing Center**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  Receipt of Service. Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Omni) and (ii) a self-addressed, stamped envelope.

## VI. Identification of Known Creditors

8.  The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII. Procedures for Providing Notice of the Bar Date

### A. Mailing of Bar Date Notices

9.  The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** is approved.

10. No later than five (5) business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail to the following entities:

   a. the U.S. Trustee;

   b. counsel to the Committee;

   c. the Prepetition Term Loan Agent and counsel thereto;

   d. the Ad Hoc Group of Term Loan Lenders and counsel thereto;

   e. the Prepetition ABL Agent and counsel thereto;

   f. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

   g. all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

   h. all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

   i. all entities that are party to executory contracts and unexpired leases with the Debtors;

   j. all entities that are party to litigation with the Debtors;

   k. all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

   l. the U.S. Attorney's Office for the District of Delaware;

   m. the office of the attorney general for each state in which the Debtors maintain or conduct business;

   n. the Internal Revenue Service;

   o. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

      p.      the U.S. Securities and Exchange Commission.

11.      The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12.      After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion and after consultation with the Committee, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

      **B.**      **Publication of Bar Date Notice**

13.      The Publication Notice, substantially in the form attached hereto as **Exhibit 3**, is approved.

14. The Debtors shall cause the Publication Notice to be published on one occasion in *The New York Times* (national edition)*,* on or before twenty-one (21) days before the General Bar Date. The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion. For the avoidance of doubt, the Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

15. The Publication Notice shall satisfy the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

**VIII. Consequences of Failure to File a Proof of Claim**

16. Any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases and participating in any distribution in these chapter 11 cases on account of such claim.

17. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IX.    The ACE Companies and the Chubb Companies**

18.    Notwithstanding anything to the contrary in this Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Accuride Corporation Case No. 24-12289 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead; *provided, however*, that if a request for such supporting materials is made by Debtors' counsel, the ACE Companies and/or the Chubb Companies, as applicable, shall comply with such request, within a reasonable time, provided that appropriate steps are taken to ensure the confidentiality of such supporting documents, as

necessary or appropriate.  Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; *provided, however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Accuride Corporation (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or each of the Chubb Companies, respectively); *provided further, however*, that to the extent that the ACE Companies and/or the Chubb Companies elect to vote and/or opt-in (or opt-out) of any releases in connection with any chapter 11 plan filed by the Debtors, (x) ACE American Insurance Company, on its own behalf and on behalf of all of the ACE Companies, may submit a single consolidated ballot, and (y) Federal Insurance Company, on its own behalf and on behalf of all of the Chubb Companies, may submit a single consolidated ballot and the elections in both or either of such consolidated ballots shall be deemed to apply to each of the ACE Companies and each of the Chubb Companies, respectively.

**X.     Miscellaneous**

19.     Notwithstanding anything to the contrary set forth in the Bar Date Order, the Bar Date Notice, the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules that would otherwise require the Pension Benefit Guaranty Corporation (the "PBGC") to file a separate proof of claim against each Debtor on account of each claim against such entity, any proof of claim or amendment filed against any Debtor shall be deemed to be filed and asserted by the PBGC against every Debtor.  The foregoing is intended solely for administrative convenience and shall not be deemed

to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any of the Debtors, the PBGC, or any other party in interest, including with respect to the allowance, amount, or priority of the PBGC's claims or with respect to any objection, defense, offset, or counterclaim related to the PBGC's claims or any party's rights to contest or object to any proofs of claim filed by the PBGC on any grounds.  No claim filed by the PBGC shall be disallowed, reduced, or expunged on the basis that it is filed only against one Debtor.

20. Notwithstanding anything to the contrary set forth in the Bar Date Order, the Bar Date Notice, the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules that would otherwise require the International Union, United Automobile, Aerospace and Agricultural Implement Works of America ("UAW") to file a separate proof of claim against each Debtor on account of each claim against such entity, any proof of claim or amendment filed against any Debtor shall be deemed to be filed and asserted by the UAW against every Debtor.  The foregoing is intended solely for administrative convenience and shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any of the Debtors, the UAW, or any other party in interest, including with respect to the allowance, amount, or priority of the UAW's claims or with respect to any objection, defense, offset, or counterclaim related to the UAW's claims or any party's rights to contest or object to any proofs of claim filed by the UAW on any grounds.  No claim filed by the UAW shall be disallowed, reduced, or expunged on the basis that it is filed only against one Debtor.

21. Subject to the terms of this Bar Date Order, the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Dated: November 8th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE