## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ACCURIDE CORPORATION, *et al.*,[1] | ) | Case No. 24-12289 (JKS) |
|  | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |

### GLOBAL NOTES AND
### STATEMENT OF LIMITATIONS, METHODOLOGY
### AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
### ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and, together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), by management of the Debtors, with the assistance of the Debtors' advisors. The Schedules and Statements are unaudited.

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of an individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Declaration of Charles Moore, Chief Restructuring Officer of Accuride Corporation, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16] (the "First Day Declaration").

The Schedules and Statements have been signed by Chad Monroe, Chief Financial Officer of Accuride Corporation. Mr. Monroe is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Monroe relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Monroe has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

### <u>Global Notes and</u><br><u>Overview of Methodology</u>

<u>**Description of the Cases**</u>. On October 9, 2024 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 75]. These chapter 11 cases are being jointly administered under Case No. 24-12289 (JKS). The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 22, 2024, the Office of the United States Trustee for the District of Delaware (the "<u>U.S.</u>

Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 127]. No trustee or examiner has been appointed in these chapter 11 cases.

**"As Of" Information Date.** To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the asset data of the Debtors as of September 30, 2024, and the liability information herein represents the liability data as of the Petition Date. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts showing for total liabilities exclude items identified as "unknown," "disputed," "contingent," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a) **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b) **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

c) **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d) **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including but not limited to, with respect to claim descriptions and designations. Listing a claim does not constitute an admission of liability by the Debtor against whom the claim is listed or by any of the other Debtors.

e) **Estimates and Assumptions**. To prepare and file the Schedules and Statements in accordance with the deadline ordered by the Bankruptcy Court in these chapter 11 cases, management was required to make reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f) **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

g) **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h)  **Insiders**. In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe would be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Parties listed as "insiders" have been included for informational purposes only, and such information may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (ii) for any other purpose.

**Methodology**.

a)  **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor's reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise

value. The Schedules and Statements contain unaudited information that is subject to further review and potential revisions.

b) **Confidential or Sensitive Information**. There may be instances in which the Debtors deemed it necessary and appropriate to redact certain information due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations are limited to only what is necessary to protect the Debtor or third party and are consistent with the relief granted under the *Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors (C) Serve Certain Parties in Interest by Email, and (D) Redact Certain Personally Identifiable Information of Individuals; (II) Approving the Form and Manner of Service of the Notice of Commencement; and (III) Granting Related Relief* [Docket No. 207].

c) **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

d) **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements, and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. Additionally, by listing an umbrella or master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreements and their related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims they may have in regard to the severability of such agreements.

e) **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. To the extent that the Debtors were unable to identify the proper Debtor-counterparty to an executory contract, the executory contact has been listed on the Schedules of Debtor Accuride Corporation. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held

by any counterparty to such contract or lease. Conversely, the omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements shall not be impaired by the omission, and the Debtors reserve their rights to amend Schedule G to add any omitted contract, agreement or lease.

f) **Unexpired Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

g) **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values of the Debtors' assets as of September 30, 2024 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

h) **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease, including whether any lease is a true lease or a financing arrangement, and the Debtors reserve all of their rights with respect thereto. Moreover, in some instances, the Debtors were unable to distinguish between furniture and fixtures, and in those instances the Debtors listed the property on Schedule A/B, Part 7, Question 39.

i) **Inventory**. The Debtors' inventory is stated at the lower of cost or net realizable value. Cost is initially computed using standard cost, which is adjusted to reflect actual cost at least annually or more frequently as necessary. Costs are recognized as inventory sold on a first-in, first-out basis. Inventory costs are comprised of material costs, capitalized labor, and overhead. The Debtors review the carrying value of inventory on a periodic basis for excess inventory quantities and substandard inventory. If the Debtors determine the quantities exceed the estimated forecast or the expected net realizable value upon sale is lower than the currently recorded cost,

the Debtor records a reduction in the inventory costs to reflect the lower net realizable value. Any adjustments, as required, are included in cost of revenue.

j) **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors are continuing to review potential causes of action, and accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

k) **Unliquidated Claim Amounts**. Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

l) **Unknown or Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

m) **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules and Statements are inclusive of each Debtor's guarantor obligations.

n) **Allocation of Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

o) **Paid Claims**. Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (collectively, the "First Day Orders"), the Debtors were authorized to pay, among other things, certain prepetition claims of employees, lien claimants, critical vendors, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and have

8

been excluded from the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements.

p) **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements and take such other actions, including the filing of claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

q) **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

r) **Intercompany Claims**. Receivables and payables among and between Debtors and certain of their non-Debtor affiliates are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records as of September 30, 2024. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "Intercompany Transactions") resulting in intercompany payables and receivables (the "Intercompany Claims"). Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform*

*Intercompany Transactions and (II) Granting Related Relief* [Docket No. 82] (the "<u>Interim Cash Management Order</u>"), the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Final Cash Management Order), including Intercompany Transactions between Debtors and certain of their non-Debtor affiliates. The Debtors have listed Intercompany Claim balances as of September 30, 2024.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

s) **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "<u>Guarantees</u>") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included on Schedule H for the affected Debtor or Debtors. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

t) **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

u) **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Bankruptcy Court. Certain immaterial assets and liabilities may have been excluded.

v) **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

w) **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars ("USD"), which the Company uses as its reporting currency.  Unless otherwise noted, for all amounts not originally listed in USD, the Debtors used conversion rates provided by WSJ Markets as of the Petition Date.  One significant exception is the value of prepetition transfers, which were valued using the conversion rates as of the date of such transfer or as otherwise agreed to by the Debtors and a third party in connection with applicable contract(s) with such third parties.

x) **Setoffs**. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may not be included separately in the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

## Specific Statements Disclosures

**Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefitted any insider.**  Within a year prior to the Petition Date, the Debtors made certain payments to Alvarez & Marsal North America, LLC ("A&M"), which provided the Debtors with Charles Moore to act as the Debtors' Chief Restructuring Officer as well as Mr. Moore's support staff.  A full accounting of such payments to A&M with respect to Mr. Moore's role as chief restructuring officer is included in the Statements in Part 6, Question 11.

**Statements, Part 12, Questions 22-24 – Details About Environmental Information.**  The Debtors historically have operated over a substantial period of time at various locations.  At some locations, the Debtors may no longer have active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information may no longer be employed by the Debtors.  Moreover, in the ordinary course of their business, the Debtors generally keep and retain business records for a period of five (5) years.  For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Questions 22-24. The Debtors have made commercially reasonable efforts to provide responsive information.

**Statements, Part 13, Question 25 – Other Businesses in Which the Debtor Has or Has Had an Interest.** For the equity ownership of Accuride Group Holdings, Inc., the Debtors have not listed individuals or entities whose percent ownership is less than five percent.

**Statements, Part 13, Question 27 –Inventories.**  In the ordinary course of business, the Debtors utilize a reoccurring cycle count program in which the Debtors count selections of the inventory

11

for a specified period of time.  In response to Statement, Part 13, Question 27, the Debtors are listing the last two (2) full inventories performed.

**Statements, Part 13, Question 28 – Officers, Directors, Managing Members, General Partners, Members in Control, Controlling Shareholders, or Other People in control of the Debtors.** The Debtors have not included individuals who are equity holders owning less than 5% of the Debtors' issued and outstanding common stock on an unconverted basis.

**Statements, Part 5, Question 10 – Certain losses**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statements, Part 10, Question 20 – Off-premises storage**.  The locations listed for off-premises storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Statements, Part 11, Question 21 – Property Held for Another**.  The Debtors occasionally hold inventory which a customer has agreed to purchase but for which the customer has not yet paid.  Such inventory is not listed in Statement, Part 11, Question 21 and any outstanding balances from the customer are reflected in AR.

<u>**Specific Schedules Disclosures**</u>

**Schedule A/B 2 and A/B 3**.  Cash balances are listed as of the Petition Date.  Details with respect to the Debtors' cash management system and bank accounts are provided in the Interim Cash Management Order.

**Schedule A/B 11.**  In certain instances, the Debtors listed negative accounts receivable balances where the Debtors' books and records reflect potential unapplied credit with respect to such accounts.  A negative account balance shall not be construed as an admission or stipulation of the existence or validity of any claim against the Debtors.

**Schedule A/B 15**.  Equity interests in subsidiaries arise from common stock ownership or member interests.  Each Debtor's Schedules lists such Debtor's ownership interests, if any, in subsidiaries. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as unknown because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedules A/B 59-69.**  Intangibles and Intellectual Property listed in Schedules A/B 59-69 are listed as an unknown amount. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule A/B 72**.  The Debtors file federal taxes on a consolidated basis.  Net operating losses ("<u>NOLs</u>") and general business credit carryforwards are available to offset taxable income or reduce the tax liability of the consolidated group, of which Accuride Corporation is the parent.

Amounts listed for federal and state NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates.

**Schedules A/B 74.** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, credits, refunds, or rebates. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed in the Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D.** The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. In addition, unless otherwise stated, the Debtors have not included on Schedule D parties that may hold liens on personal property or in connection with equipment leases. The Debtors reserve all of their rights to amend Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

**Schedule E/F**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis. Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the potential litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F may also include potential or threatened litigation claims. Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. Additionally, Schedule E/F does not include potential rejection damage Claims of the counterparties to executory contracts and unexpired leases that may be rejected.

13

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.

**Fill in this information to identify the case:**

Debtor name    Bostrom Holdings, Inc.

United States Bankruptcy Court for the:    District of Delaware

Case number (If known):    24-12299

☐ Check if this is an amended filing

## Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
     Copy line 88 from *Schedule A/B* ...................................................................................................

$ _____ 0.00

   1b. **Total personal property:**
     Copy line 91A from *Schedule A/B* ...............................................................................................

$ _____ Undetermined

   1c. **Total of all property:**
     Copy line 92 from *Schedule A/B* .................................................................................................

$ _____ Undetermined

---

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* .........................................

$ _____ 420,963,217.22*

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
     Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...............................................

$ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................................

**+** $ _____ Undetermined

4. **Total liabilities** ....................................................................................................................................
   Lines 2 + 3a + 3b

$ _____ 420,963,217.22*

*Plus Undetermined Amounts

**Fill in this information to identify the case:**

Debtor name   Bostrom Holdings, Inc.

United States Bankruptcy Court for the:   District of Delaware

Case number (If known)   24-12299

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**                                                                                      $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1 _____ | _____ | __ __ __ __ | $ _____ |
| 3.2 _____ | _____ | __ __ __ __ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

| 4.1 _____ | $ _____ |
| --- | --- |
| 4.2 _____ | $ _____ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.        $ _____ 0.00

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| 7.1 _____ | $ _____ |
| --- | --- |
| 7.2 _____ | $ _____ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____   $ _____

8.2 _____   $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                 $             0.00

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

11. **Accounts receivable**

11a. 90 days old or less: _____ — _____  = ...... → $ _____
                          face amount          doubtful or uncollectible accounts

11b. Over 90 days old: _____ — _____  = ...... → $ _____
                       face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $             0.00

## Part 4:  Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 None | | $ | 0.00 |
|---|---|---|---|
| 14.2 | | $ | |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1 See Attached Rider | % | $ | Undetermined |
| 15.2 | % | $ | |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 None | | $ | 0.00 |
|---|---|---|---|
| 16.2 | | $ | |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.        $     Undetermined

*Plus Undetermined Amounts

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____  Valuation method _____  Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

33. **Total of Part 6.**

   Add lines 28 through 32. Copy the total to line 85.

   $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

   ☐ No

   ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

   ☐ No

   ☐ Yes. Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

   ☐ No

   ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ☑ No. Go to Part 8.

   ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

   Add lines 39 through 42. Copy the total to line 86.

   $ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☐ No

   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor    Bostrom Holdings, Inc.                                          Case number (If known)  24-12299
          Name

---

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

## Part 9:  Real property

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets** | $ _____ | _____ | $ _____ |
| 61.  **Internet domain names and websites** | $ _____ | | $ _____ |
| 62.  **Licenses, franchises, and royalties** | $ _____ | | $ _____ |
| 63.  **Customer lists, mailing lists, or other compilations** | $ _____ | | $ _____ |
| 64.  **Other intangibles, or intellectual property** | $ _____ | | $ _____ |
| 65.  **Goodwill** | $ _____ | | $ _____ |

66.  **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  |  |  |  | Current value of debtor's interest |
|---|---|---|---|---|
| **71. Notes receivable** | | | | |
| Description (include name of obligor) | | | | |
| None | Total Face Amount — Doubtful or uncollectible Amount | = → | $ | 0.00 |

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| See Attached Rider | Tax Year | $ | Undetermined |
|---|---|---|---|
|  | Tax Year | $ |  |
|  | Tax Year | $ |  |

**73. Interests in insurance policies or annuities**

| See Attached Rider | $ | Undetermined |
|---|---|---|

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested** $

**76. Trusts, equitable or future interests in property**

| None | $ | 0.00 |
|---|---|---|

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| None | $ | 0.00 |
|---|---|---|
|  | $ |  |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | $ | Undetermined |
|---|---|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**\*Plus Undetermined Amounts**

Debtor    Bostrom Holdings, Inc.
    Name

Case number (If known)    24-12299

---

## Part 12:  Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80.  **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81.  **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82.  **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83.  **Investments.** *Copy line 17, Part 4.* | $ Undetermined | |
| 84.  **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85.  **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86.  **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87.  **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88.  **Real property.** *Copy line 56, Part 9.* . ............................ → | | $0.00 |
| 89.  **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90.  **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | |
| 91.  **Total.** Add lines 80 through 90 for each column............91a. | $ Undetermined | + 91b. $0.00 |

92.  **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92............................................................................    $    Undetermined

**\*Plus Undetermined Amounts**

Debtor Name:  Bostrom Holdings, Inc.                                                    Case Number:  24-12299

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Bostrom Seating, Inc. | 100% | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Bostrom Holdings, Inc.                                                                    Case Number:  24-12299

**Assets - Real and Personal Property**

**Part 11, Question 72:** Tax refunds and unused net operating losses (NOLs)

| Tax refunds and unused net operating losses (NOLs) Description (for example, federal, state, local) | Tax year | Current value of debtor's interest |
|---|---|---|
|  | Various | Undetermined |
|  | **TOTAL** | $0.00 + Undetermined Amounts |

The Debtors currently estimate that they had, as of December 31, 2023, approximately $195,400,000 of U.S. federal NOLs, $71,160,000 of 163( j) Carryforwards, and certain other tax attributes.

Debtor Name:  Bostrom Holdings, Inc.                                                          Case Number:  24-12299

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Allianz Global Risks US Insurance Company | Excess Liability($15MX$10M) | USL00716924 | Undetermined |
| Allied World Assurance Company (U.S.) Inc. (subsidiary of Fairfax Financial) | Pollution | 0313 - 2063 | Undetermined |
| Arch Specialty Insurance Company | Property/All Risk | ESP1051105-00 | Undetermined |
| Beazley Insurance Company Inc | Commercial Crime | V2E1A0240401 | Undetermined |
| Beazley Insurance Company Inc | Employment Practices Liability | V10660241601 | Undetermined |
| Chubb Bermuda Insurance Ltd | Property/All Risk | ACCU02228P02 | Undetermined |
| Columbia Casualty Company | Property/All Risk ($1M p/o $10M) | PSR 7035126726 | Undetermined |
| Fair American Insruance and Reinsurance Company | 1st Excess D&O Liability | MLX-1001552-02 | Undetermined |
| Great American | Special Risk | SCI273611173 | Undetermined |
| Hartford Fire Insurance Company | Auto-Liability/Physical Damage | 83 UEC VV1599 | Undetermined |
| Hartford Fire Insurance Company | International Casualty | 83CPGAF1602 | Undetermined |
| HDI Global Specialty Se | Property/All Risk | PR0280324000 | Undetermined |
| Indemnity Insurance Company of North America | Cargo | 7910557 | Undetermined |
| Indian Harbor Insurance Company | Terrorism & Political Violence | US00096233SP24A | Undetermined |
| Lexington Insurance Company | Property/All Risk | 034250033 | Undetermined |
| Lloyds of London | Property/All Risk ($12M p/o $50M) | B0509BOWPN2450246 | Undetermined |
| Lloyds of London | Property/All Risk ($19M p/o $50M xs $50M) | B0509BOWPN2450245 | Undetermined |
| Lloyds of London | Property/All Risk ($2.55M p/o $10M) | B0509BOWPN2450246 | Undetermined |
| Midvale Indemnity Company | 2nd Excess D&O Liability | ECL-147774072-02 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, PA. | Directors & Officers Liability | 01-146-01-45 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, PA. | Excess Fiduciary Liability | 03-152-52-63 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, PA. | Excess Liability($15MX$25M) | BE 042676327 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, PA. | Travel | GTP 0009134290-A | Undetermined |
| Old Republic Insurance Company | Excess Side-A DIC D&O | ORPRO 13 102421 | Undetermined |

Debtor Name:  Bostrom Holdings, Inc.                                                    Case Number:  24-12299

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Old Republic Insurance Company | Fiduciary Liability | ORPRO 14 100885 | Undetermined |
| Starr Surplus Lines Insurance Company | Property/All Risk | 24SLCFM12189301 | Undetermined |
| Starstone Specialty Insurance Company | Property/All Risk | CSP00086374P-00 | Undetermined |
| Starstone Specialty Insurance Company | Property/All Risk | CSP00086375P-00 | Undetermined |
| The Hartford Steam Boiler Inspection and Insurance Company | Equipment Breakdown | FBP2221595 | Undetermined |
| Twin City Fire Insurance Company | General Liability | 83 ECS OF6578 | Undetermined |
| Twin City Fire Insurance Company | Umbrella Liability | 83 XS ON2159 | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Bostrom Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 24-12299 |

☐ Check if this is an amended filing

**Official Form 206D**

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.1** **Creditor's name**
ALTER DOMUS (US) LLC

**Describe debtor's property that is subject to a lien**
Substantially all the assets and property of the borrowers and guarantors

$ 73,405,116.04    $ Undetermined

**Creditor's mailing address**
ATTN: LEGAL DEPARTMENT AND CPC AGENCY
225 WEST WASHINGTON STREET
9TH FLOOR
CHICAGO, IL 60606

**Describe the lien**
Guarantor Bridge Facility Term Loans

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    Various

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**2.2** **Creditor's name**
ALTER DOMUS (US) LLC

**Describe debtor's property that is subject to a lien**
Substantially all the assets and property of the borrowers and guarantors

$ 294,708,151.17    $ Undetermined

**Creditor's mailing address**
ATTN: LEGAL DEPARTMENT AND CPC AGENCY
225 WEST WASHINGTON STREET
9TH FLOOR
CHICAGO, IL 60606

**Describe the lien**
Guarantor on 2023 Extended Term Loans

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    11/18/2016

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ 420,963,217.22

+ Undetermined Amounts

Debtor    Bostrom Holdings, Inc.

Case number (If known):    24-12299

Name

| **Part 1:** | **Additional Page** | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.3**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68142757, in the amount of $395,789 for the benefit of Ace Insurance

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**

Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.4**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined    $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68142762, in the amount of $325,361 for the benefit of Arch Insurance

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**

Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Bostrom Holdings, Inc.
          Name

Case number (If known)   24-12299

| **Part 1:** | **Additional Page** | | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.5**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined   $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68142765, in the amount of $10,000  for the benefit of  Arrow Insurance

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**   Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes.  Have you already specified the relative priority?

  ☑ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.6**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined   $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68142768, in the amount of $1,955,025  for the benefit of  Credit Suisse

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**   Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes.  Have you already specified the relative priority?

  ☑ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Bostrom Holdings, Inc.
_____    Case number (If known): 24-12299
          Name

| Part 1: | Additional Page | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.7**

**Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes.  Have you already specified the relative priority?
  ☑ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined    $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68146114, in the amount of $700,000  for the benefit of  Hanover

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.8**

**Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes.  Have you already specified the relative priority?
  ☑ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined    $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68168445, in the amount of $420,000  for the benefit of  Am Alt Insurance

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Bostrom Holdings, Inc.    Case number (If known)   24-12299
          Name

| Part 1: | **Additional Page** | Column A<br>**Amount of Claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.9** | **Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**     Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68168595, in the amount of $550,394  for the benefit of  Rock Run XIV, LLC

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.10** | **Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**     Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68170060, in the amount of $2,501,581  for the benefit of  Angelo Gordon

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor    Bostrom Holdings, Inc.
      Name
                                  Case number (If known):  24-12299

| **Part 1:** | **Additional Page** | **Column A** **Amount of Claim** Do not deduct the value of collateral. | **Column B** **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.11**

**Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes.  Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68171259, in the amount of $2,700,000  for the benefit of  Hanover

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

**2.12**

**Creditor's name**

BANK OF AMERICA, N.A.

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**    Undetermined

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes.  Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Describe the lien**

Guarantor - In connection with Letter of Credit 68171972, in the amount of $250,000  for the benefit of  Angelo Gordon

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor  Bostrom Holdings, Inc.
      Name

Case number (If known):  24-12299

| Part 1: | Additional Page | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.13**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68171973, in the amount of $456,950 for the benefit of Angelo Gordon

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**  Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Have you already specified the relative priority?

    ☒ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

**2.14**

**Creditor's name**

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor - In connection with Letter of Credit 68185546, in the amount of $10,000,000 for the benefit of Stonebriar Commercial Finance LLC

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**  Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Have you already specified the relative priority?

    ☒ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

Debtor    Bostrom Holdings, Inc.    Case number (If known)    24-12299
     Name

| Part 1: | Additional Page | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.15** | Creditor's name

BANK OF AMERICA, N.A.

**Describe debtor's property that is subject to a lien**

Substantially all the assets and property of the borrowers and guarantors

$    52,849,950.01  $    Undetermined

**Creditor's mailing address**

ATTN: ANDREW FINEMORE
135 S. LASALLE STREET
CHICAGO, IL 60603

**Describe the lien**

Guarantor on U.S. ABL Facility

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**    06/01/2018

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes.  Have you already specified the relative priority?

    ☒ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

---

**2.16** | Creditor's name

**Describe debtor's property that is subject to a lien**

$        $

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes.  Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| Debtor | Bostrom Holdings, Inc. | Case number (If known) | 24-12299 |
|--------|------------------------|------------------------|----------|
|        | Name                   |                        |          |

---

**Part 2:**     **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|------------------------------------------------------------|-------------------------------------------------|
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |
|                  | Line 2. _____                                              | _____                               |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Bostrom Holdings, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(If known)</td><td>24-12299</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ | $ |
| **Date or dates debt was incurred** | **Basis for the claim:** | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| **SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |
| **2.2** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ | $ |
| **Date or dates debt was incurred** | **Basis for the claim:** | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| **SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |
| **2.3** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ | $ |
| **Date or dates debt was incurred** | **Basis for the claim:** | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| **SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( ) | ☐ No<br>☐ Yes | | |

| Debtor | Bostrom Holdings, Inc. | Case number (if known) 24-12299 |
|---|---|---|
| | Name | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | **Amount of claim** |
|---|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
DELAWARE DEPT OF FINANCE
OFFICE OF UNCLAIMED PROPERTY
CARVEL STATE OFFICE BLDG
820 N FRENCH ST, 8TH FL
WILMINGTON, DE 19801

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** Unclaimed Property Audit

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$      Undetermined

---

**3.2** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

**3.3** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

**3.4** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

**3.5** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

**3.6** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

| Debtor | Bostrom Holdings, Inc. | Case number (If known): | 24-12299 |
|--------|------------------------|------------------------|----------|
|        | Name                   |                        |          |

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|-------------|--------------------------------------------------------|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line ___<br>☐ Not listed.  Explain | |
| 4.2 | | Line ___<br>☐ Not listed.  Explain | |
| 4.3 | | Line ___<br>☐ Not listed.  Explain | |
| 4.4 | | Line ___<br>☐ Not listed.  Explain | |
| 4.5 | | Line ___<br>☐ Not listed.  Explain | |
| 4.6 | | Line ___<br>☐ Not listed.  Explain | |
| 4.7 | | Line ___<br>☐ Not listed.  Explain | |
| 4.8 | | Line ___<br>☐ Not listed.  Explain | |
| 4.9 | | Line ___<br>☐ Not listed.  Explain | |

Debtor    Bostrom Holdings, Inc.                                    Case number (If known)    24-12299
          Name

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |

**5.**    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. | **Total claims from Part 1**      5a. | $ _____ 0.00 |
| 5b. | **Total claims from Part 2**      5b. + | $ _____ 0.00 <br> + Undetermined Amounts |
| 5c. | **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c.      5c. | $ _____ 0.00 <br> + Undetermined Amounts |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Bostrom Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 24-12299 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| | Professional Services Agreement |
| **2.1** State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br><br> List the contract number of any government contract | BDO USA, P.C. <br> ATTN: JOHN MARQUARDT <br> 2600 W. BIG BEAVER ROAD <br> SUITE 600 <br> TROY, MI 48084 |
| State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br><br> List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br><br> List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br><br> List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest <br><br> State the term remaining <br><br> List the contract number of any government contract | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Bostrom Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 24-12299 |

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 | Accuride Corporation | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.2 | Accuride Corporation | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.3 | Accuride Distributing, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.4 | Accuride Distributing, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.5 | Accuride EMI, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.6 | Accuride EMI, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |

| Debtor | Bostrom Holdings, Inc. | | Case number (If known): | 24-12299 |
|---|---|---|---|---|
| | Name | | | |

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.7 | Accuride Erie, L.P. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 | Accuride Erie, L.P. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 | Accuride Group Holdings, Inc. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 | Accuride Group Holdings, Inc. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 | Accuride Henderson Limited Liability Company | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 | Accuride Henderson Limited Liability Company | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 | Accuride Intermediate Co., Inc. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.14 | Accuride Intermediate Co., Inc. | 38777 Six Mile Road<br>Suite 410<br>Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Bostrom Holdings, Inc. | | | Case number (If known): | 24-12299 |
|---|---|---|---|---|---|
| | Name | | | | |

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.15 | AKW General Partner, L.L.C. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.16 | AKW General Partner, L.L.C. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.17 | AOT, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.18 | AOT, LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.19 | Armor Parent Corp. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.20 | Armor Parent Corp. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.21 | Bostrom Seating, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.22 | Bostrom Seating, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |

| Debtor | Bostrom Holdings, Inc. | | Case number (If known): | 24-12299 |
|---|---|---|---|---|
| | Name | | | |

### Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.23 | Gunite Corporation | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.24 | Gunite Corporation | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.25 | KIC LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.26 | KIC LLC | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.27 | Transportation Technologies Industries, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.28 | Transportation Technologies Industries, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |
| 2.29 | Truck Components, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | ALTER DOMUS (US) LLC | ☑ D ☐ E/F ☐ G |
| 2.30 | Truck Components, Inc. | 38777 Six Mile Road Suite 410 Livonia, MI 48152 | BANK OF AMERICA, N.A. | ☑ D ☐ E/F ☐ G |

Debtor   Bostrom Holdings, Inc.

Name

Case number (If known):   24-12299

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.31 | | | ☐ D ☐ E/F ☐ G |
| 2.32 | | | ☐ D ☐ E/F ☐ G |
| 2.33 | | | ☐ D ☐ E/F ☐ G |
| 2.34 | | | ☐ D ☐ E/F ☐ G |
| 2.35 | | | ☐ D ☐ E/F ☐ G |
| 2.36 | | | ☐ D ☐ E/F ☐ G |
| 2.37 | | | ☐ D ☐ E/F ☐ G |
| 2.38 | | | ☐ D ☐ E/F ☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor name  Bostrom Holdings, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (If known)  24-12299

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors
<span style="float:right">12/15</span>

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/11/2024
MM / DD / YYYY

X /s/ Chad Monroe
Signature of individual signing on behalf of debtor

Chad Monroe
Printed name

Senior Vice President / Chief Financial Officer
Position or relationship to debtor