## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ACCURIDE CORPORATION, *et al.*,[1] | ) | Case No. 24-12289 (JKS) |
|  | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and, together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), by management of the Debtors, with the assistance of the Debtors' advisors. The Schedules and Statements are unaudited.

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of an individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Declaration of Charles Moore, Chief Restructuring Officer of Accuride Corporation, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16] (the "First Day Declaration").

The Schedules and Statements have been signed by Chad Monroe, Chief Financial Officer of Accuride Corporation. Mr. Monroe is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Monroe relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Monroe has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

### Global Notes and
### Overview of Methodology

**Description of the Cases**. On October 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 75]. These chapter 11 cases are being jointly administered under Case No. 24-12289 (JKS). The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 22, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 127]. No trustee or examiner has been appointed in these chapter 11 cases.

**"As Of" Information Date**. To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the asset data of the Debtors as of September 30, 2024, and the liability information herein represents the liability data as of the Petition Date. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts showing for total liabilities exclude items identified as "unknown," "disputed," "contingent," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a) **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b) **Recharacterization**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

c) **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d) **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including but not limited to, with respect to claim descriptions and designations. Listing a claim does not constitute an admission of liability by the Debtor against whom the claim is listed or by any of the other Debtors.

e) **Estimates and Assumptions**. To prepare and file the Schedules and Statements in accordance with the deadline ordered by the Bankruptcy Court in these chapter 11 cases, management was required to make reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f) **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

g) **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h) **Insiders**. In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe would be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Parties listed as "insiders" have been included for informational purposes only, and such information may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (ii) for any other purpose.

## Methodology.

a) **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a Debtor's reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise

value. The Schedules and Statements contain unaudited information that is subject to further review and potential revisions.

b) **Confidential or Sensitive Information**. There may be instances in which the Debtors deemed it necessary and appropriate to redact certain information due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations are limited to only what is necessary to protect the Debtor or third party and are consistent with the relief granted under the *Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors (C) Serve Certain Parties in Interest by Email, and (D) Redact Certain Personally Identifiable Information of Individuals; (II) Approving the Form and Manner of Service of the Notice of Commencement; and (III) Granting Related Relief* [Docket No. 207].

c) **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

d) **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements, and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. Additionally, by listing an umbrella or master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreements and their related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims they may have in regard to the severability of such agreements.

e) **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. To the extent that the Debtors were unable to identify the proper Debtor-counterparty to an executory contract, the executory contact has been listed on the Schedules of Debtor Accuride Corporation. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held

6

by any counterparty to such contract or lease. Conversely, the omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements shall not be impaired by the omission, and the Debtors reserve their rights to amend Schedule G to add any omitted contract, agreement or lease.

f) **Unexpired Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

g) **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values of the Debtors' assets as of September 30, 2024 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

h) **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease, including whether any lease is a true lease or a financing arrangement, and the Debtors reserve all of their rights with respect thereto. Moreover, in some instances, the Debtors were unable to distinguish between furniture and fixtures, and in those instances the Debtors listed the property on Schedule A/B, Part 7, Question 39.

i) **Inventory**. The Debtors' inventory is stated at the lower of cost or net realizable value. Cost is initially computed using standard cost, which is adjusted to reflect actual cost at least annually or more frequently as necessary. Costs are recognized as inventory sold on a first-in, first-out basis. Inventory costs are comprised of material costs, capitalized labor, and overhead. The Debtors review the carrying value of inventory on a periodic basis for excess inventory quantities and substandard inventory. If the Debtors determine the quantities exceed the estimated forecast or the expected net realizable value upon sale is lower than the currently recorded cost,

the Debtor records a reduction in the inventory costs to reflect the lower net realizable value. Any adjustments, as required, are included in cost of revenue.

j) **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors are continuing to review potential causes of action, and accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

k) **Unliquidated Claim Amounts**. Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

l) **Unknown or Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

m) **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules and Statements are inclusive of each Debtor's guarantor obligations.

n) **Allocation of Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

o) **Paid Claims**. Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (collectively, the "First Day Orders"), the Debtors were authorized to pay, among other things, certain prepetition claims of employees, lien claimants, critical vendors, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and have

been excluded from the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements.

p) **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements and take such other actions, including the filing of claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

q) **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

r) **Intercompany Claims**. Receivables and payables among and between Debtors and certain of their non-Debtor affiliates are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records as of September 30, 2024. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "Intercompany Transactions") resulting in intercompany payables and receivables (the "Intercompany Claims"). Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform*

*Intercompany Transactions and (II) Granting Related Relief* [Docket No. 82] (the "Interim Cash Management Order"), the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Final Cash Management Order), including Intercompany Transactions between Debtors and certain of their non-Debtor affiliates. The Debtors have listed Intercompany Claim balances as of September 30, 2024.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

s) **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included on Schedule H for the affected Debtor or Debtors. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

t) **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

u) **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Bankruptcy Court. Certain immaterial assets and liabilities may have been excluded.

v) **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

w) **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars ("<u>USD</u>"), which the Company uses as its reporting currency. Unless otherwise noted, for all amounts not originally listed in USD, the Debtors used conversion rates provided by WSJ Markets as of the Petition Date. One significant exception is the value of prepetition transfers, which were valued using the conversion rates as of the date of such transfer or as otherwise agreed to by the Debtors and a third party in connection with applicable contract(s) with such third parties.

x) **Setoffs**. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may not be included separately in the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

## Specific Statements Disclosures

**Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefitted any insider.** Within a year prior to the Petition Date, the Debtors made certain payments to Alvarez & Marsal North America, LLC ("<u>A&M</u>"), which provided the Debtors with Charles Moore to act as the Debtors' Chief Restructuring Officer as well as Mr. Moore's support staff. A full accounting of such payments to A&M with respect to Mr. Moore's role as chief restructuring officer is included in the Statements in Part 6, Question 11.

**Statements, Part 12, Questions 22-24 – Details About Environmental Information.** The Debtors historically have operated over a substantial period of time at various locations. At some locations, the Debtors may no longer have active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. In some cases, statutory document retention periods have passed. Further, some individuals who once possessed responsive information may no longer be employed by the Debtors. Moreover, in the ordinary course of their business, the Debtors generally keep and retain business records for a period of five (5) years. For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Questions 22-24. The Debtors have made commercially reasonable efforts to provide responsive information.

**Statements, Part 13, Question 25 – Other Businesses in Which the Debtor Has or Has Had an Interest.** For the equity ownership of Accuride Group Holdings, Inc., the Debtors have not listed individuals or entities whose percent ownership is less than five percent.

**Statements, Part 13, Question 27 –Inventories.** In the ordinary course of business, the Debtors utilize a reoccurring cycle count program in which the Debtors count selections of the inventory

for a specified period of time. In response to Statement, Part 13, Question 27, the Debtors are listing the last two (2) full inventories performed.

**Statements, Part 13, Question 28 – Officers, Directors, Managing Members, General Partners, Members in Control, Controlling Shareholders, or Other People in control of the Debtors.** The Debtors have not included individuals who are equity holders owning less than 5% of the Debtors' issued and outstanding common stock on an unconverted basis.

**Statements, Part 5, Question 10 – Certain losses**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statements, Part 10, Question 20 – Off-premises storage**. The locations listed for off-premises storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Statements, Part 11, Question 21 – Property Held for Another**. The Debtors occasionally hold inventory which a customer has agreed to purchase but for which the customer has not yet paid. Such inventory is not listed in Statement, Part 11, Question 21 and any outstanding balances from the customer are reflected in AR.

**<u>Specific Schedules Disclosures</u>**

**Schedule A/B 2 and A/B 3**. Cash balances are listed as of the Petition Date. Details with respect to the Debtors' cash management system and bank accounts are provided in the Interim Cash Management Order.

**Schedule A/B 11.** In certain instances, the Debtors listed negative accounts receivable balances where the Debtors' books and records reflect potential unapplied credit with respect to such accounts. A negative account balance shall not be construed as an admission or stipulation of the existence or validity of any claim against the Debtors.

**Schedule A/B 15**. Equity interests in subsidiaries arise from common stock ownership or member interests. Each Debtor's Schedules lists such Debtor's ownership interests, if any, in subsidiaries. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as unknown because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedules A/B 59-69.** Intangibles and Intellectual Property listed in Schedules A/B 59-69 are listed as an unknown amount. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule A/B 72**. The Debtors file federal taxes on a consolidated basis. Net operating losses ("<u>NOLs</u>") and general business credit carryforwards are available to offset taxable income or reduce the tax liability of the consolidated group, of which Accuride Corporation is the parent.

Amounts listed for federal and state NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates.

**Schedules A/B 74.**  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, credits, refunds, or rebates. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed in the Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D.**  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  In addition, unless otherwise stated, the Debtors have not included on Schedule D parties that may hold liens on personal property or in connection with equipment leases. The Debtors reserve all of their rights to amend Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

**Schedule E/F**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis. Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the potential litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.  Schedule E/F may also include potential or threatened litigation claims.  Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.  Additionally, Schedule E/F does not include potential rejection damage Claims of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.

☐ Check if this is an amended filing

**Fill in this information to identify the case:**

Debtor name    Gunite Corporation

United States Bankruptcy Court for the:    District of Delaware

Case number (If known)   24-12301

---

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2024<br>MM/DD/YYYY | to 09/30/2024 | ☑ Operating a business<br>☐ Other _____ | $ 50,216,347.12 |
| **For prior year:** | From 01/01/2023<br>MM/DD/YYYY | to 12/31/2023<br>MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $ 69,171,404.77 |
| **For the year before that:** | From 01/01/2022<br>MM/DD/YYYY | to 12/31/2022<br>MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $ 59,364,059.27 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2024<br>MM/DD/YYYY | to 09/30/2024 | Intercompany Sales | $ 28,232,419.94 |
| **For prior year:** | From 01/01/2023<br>MM/DD/YYYY | to 12/31/2023<br>MM/DD/YYYY | Intercompany Sales | $ 38,832,531.81 |
| **For the year before that:** | From 01/01/2022<br>MM/DD/YYYY | to 12/31/2022<br>MM/DD/YYYY | Intercompany Sales | $ 64,228,912.31 |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1 _____ Street _____ City State Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2 _____ Street _____ City State Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None    **See Attached Rider**

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 _____ Street _____ City State Zip Code | _____ | $ _____ | _____ _____ |
| **Relationship to debtor** _____ | | | |
| 4.2 _____ Street _____ City State Zip Code | _____ | $ _____ | _____ _____ |
| **Relationship to debtor** _____ | | | |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City   State   Zip Code | | | |
| 5.2 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City   State   Zip Code | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City   State   Zip Code | | | |

Last 4 digits of account number: XXXX - _____

---

**Part 3:**    Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None    <u>See Attached Rider</u>

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ | _____ | _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number _____ | | City   State   Zip Code | ☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.2 _____ | _____ | _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number _____ | | City   State   Zip Code | ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ | _____ | $ _____ |
| Street | **Case title** | **Court name and address** |
| _____ | _____ | _____ |
| City          State          Zip Code | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None   <u>See Attached Rider</u>

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City          State          Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2 _____ | _____ | _____ | $ _____ |
| Street _____ | | | |
| City          State          Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| Building & Equipment Damage | N/A - Insurance Claim in Process | 07/13/2024 | $   250,000-400,000 |

## Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

**13.  Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None   **See Attached Rider**

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |

**Part 7:   Previous Locations**

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of Occupancy | |
|---|---|---|---|
| 14.1 | Street | From | To |
| | City          State          Zip Code | | |
| 14.2 | Street | From | To |
| | City          State          Zip Code | | |

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ <br> Street _____ <br> City        State        Zip Code | _____ | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | **How are records kept?** <br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2 _____ <br> Street _____ <br> City        State        Zip Code | _____ | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ | **How are records kept?** <br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?
☐ No
☐ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| Gunite Corporation Rockford Foundry Savings Plan for Hourly Employees | EIN:   13-3369803 |

Has the plan been terminated?
☑ No
☐ Yes

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br> Street <br><br> City    State    Zip Code | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | | $ |
| 18.2 <br><br> Street <br><br> City    State    Zip Code | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | | $ |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| <br><br> Street <br><br> City    State    Zip Code | <br><br> Address | | ☐ No <br> ☐ Yes |

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None    <u>See Attached Rider</u>

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| <br><br> Street <br><br> City    State    Zip Code | <br><br> Address | | ☐ No <br> ☐ Yes |

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None   <u>See Attached Rider</u>

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State          Zip Code | | | |

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case Number** | Street | | ☐ On appeal |
| | City          State          Zip Code | | ☐ Concluded |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City        State        Zip Code | City        State        Zip Code | | |

---

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 KIC LLC<br>38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Re-seller of Wheel-end Products | EIN: 46-4066356 |
| | | **Dates business existed** |
| | | From 04/15/2017     To  Present |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 | | EIN: |
| | | **Dates business existed** |
| | | From _____     To  _____ |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: |
| | | **Dates business existed** |
| | | From _____     To  _____ |

26.  **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1  CHAD MONROE<br>38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | From 05/01/2006    To Present |

| Name and address | Dates of service |
|---|---|
| 26a.2  FRED NELSON<br>38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | From 08/20/2018    To 09/06/2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1  DELOITTE & TOUCHE LLP<br>111 MONUMENT CIRCLE<br>SUITE 4200<br>INDIANAPOLIS, IN 46204-5104 | From 2009    To Present |

| Name and address | Dates of service |
|---|---|
| 26b.2 | From             To |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  CHAD MONROE<br>38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | |

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2   DELOITTE & TOUCHE LLP<br>111 MONUMENT CIRCLE<br>SUITE 4200<br>INDIANAPOLIS, IN 46204-5104 | _____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1   _____ |
| Street _____ |
| _____ |
| City       State       Zip Code |

| Name and address |
|---|
| 26d.2   _____ |
| Street _____ |
| _____ |
| City       State       Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☒ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| DENNIS GILLOGLY | 12/02/2023 | $   $17,006,000; Basis: Cost |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1   DENNIS GILLOGOLY<br>411 BLACKHAWK PARK AVE<br>ROCKFORD, IL 61104 |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| DENNIS GILLOGLY | 10/22/2022 | $  $13,291,000; Basis: Cost |
| **Name and address of the person who has possession of inventory records** | | |

27.2 DENNIS GILLOGOLY
411 BLACKHAWK PARK AVE
ROCKFORD, IL 61104

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **Please Refer to SOFA Question 4.** | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Relationship to debtor** | | | |

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City               State                    Zip Code | | | |
| | **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Accuride Group Holdings, Inc. | EIN: 81-4464531 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/11/2024
                       MM / DD / YYYY

X /s/ Chad Monroe                                              Printed name   Chad Monroe
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Senior Vice President / Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
**Part 2, Question 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Entity Name | Description of Account | Intercompany Affiliate | Date Range | Starting Balance Receivable (Payable) | Ending Balance Receivable (Payable) | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 10/01/2023 - 10/31/2023 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 11/01/2023 - 11/30/2023 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 12/01/2023 - 12/31/2023 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 01/01/2024 - 01/31/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 02/01/2024 - 02/29/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 03/01/2024 - 03/31/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 04/01/2024 - 04/30/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 05/01/2024 - 05/31/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 06/01/2024 - 06/30/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 07/01/2024 - 07/31/2024 | 276,876 | 276,876 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 08/01/2024 - 08/31/2024 | 276,876 | 278,569 | 1,692 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Canada, Inc. | 09/01/2024 - 09/30/2024 | 278,569 | 278,569 | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 10/01/2023 - 10/31/2023 | (1,318,534,988) | (1,321,852,984) | (3,317,996) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 11/01/2023 - 11/30/2023 | (1,321,852,984) | (1,324,382,382) | (2,529,397) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 12/01/2023 - 12/31/2023 | (1,324,382,382) | (1,333,979,548) | (9,597,166) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 01/01/2024 - 01/31/2024 | (1,333,979,548) | (1,338,781,576) | (4,802,028) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 02/01/2024 - 02/29/2024 | (1,338,781,576) | (1,344,907,453) | (6,125,877) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 03/01/2024 - 03/31/2024 | (1,344,907,453) | (1,351,669,641) | (6,762,188) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 04/01/2024 - 04/30/2024 | (1,351,669,641) | (1,357,293,951) | (5,624,309) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 05/01/2024 - 05/31/2024 | (1,357,293,951) | (1,360,966,676) | (3,672,725) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 06/01/2024 - 06/30/2024 | (1,360,966,676) | (1,363,149,108) | (2,182,432) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 07/01/2024 - 07/31/2024 | (1,363,149,108) | (1,370,568,255) | (7,419,148) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 08/01/2024 - 08/31/2024 | (1,370,568,255) | (1,377,321,650) | (6,753,395) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride Corporation | 09/01/2024 - 09/30/2024 | (1,377,321,650) | (1,381,956,266) | (4,634,616) |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 10/01/2023 - 10/31/2023 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 11/01/2023 - 11/30/2023 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 12/01/2023 - 12/31/2023 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 01/01/2024 - 01/31/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 02/01/2024 - 02/29/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 03/01/2024 - 03/31/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 04/01/2024 - 04/30/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 05/01/2024 - 05/31/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 06/01/2024 - 06/30/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 07/01/2024 - 07/31/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 08/01/2024 - 08/31/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride del Norte, S.A. de CV | 09/01/2024 - 09/30/2024 | (17,509) | (17,509) | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 10/01/2023 - 10/31/2023 | 1,233,079,147 | 1,237,677,950 | 4,598,803 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 11/01/2023 - 11/30/2023 | 1,237,677,950 | 1,241,432,975 | 3,755,025 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 12/01/2023 - 12/31/2023 | 1,241,432,975 | 1,243,028,375 | 1,595,400 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 01/01/2024 - 01/31/2024 | 1,243,028,375 | 1,245,200,893 | 2,172,518 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 02/01/2024 - 02/29/2024 | 1,245,200,893 | 1,248,221,358 | 3,020,465 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 03/01/2024 - 03/31/2024 | 1,248,221,358 | 1,250,425,680 | 2,204,322 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 04/01/2024 - 04/30/2024 | 1,250,425,680 | 1,252,747,103 | 2,321,422 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 05/01/2024 - 05/31/2024 | 1,252,747,103 | 1,255,525,519 | 2,778,417 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 06/01/2024 - 06/30/2024 | 1,255,525,519 | 1,258,293,428 | 2,767,909 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 07/01/2024 - 07/31/2024 | 1,258,293,428 | 1,260,724,612 | 2,431,185 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 08/01/2024 - 08/31/2024 | 1,260,724,612 | 1,264,098,630 | 3,374,018 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Distributing, LLC | 09/01/2024 - 09/30/2024 | 1,264,098,630 | 1,266,166,898 | 2,068,268 |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 10/01/2023 - 10/31/2023 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 11/01/2023 - 11/30/2023 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 12/01/2023 - 12/31/2023 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 01/01/2024 - 01/31/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 02/01/2024 - 02/29/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 03/01/2024 - 03/31/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 04/01/2024 - 04/30/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 05/01/2024 - 05/31/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 06/01/2024 - 06/30/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 07/01/2024 - 07/31/2024 | (32,303) | (32,303) | - |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
**Part 2, Question 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Entity Name | Description of Account | Intercompany Affiliate | Date Range | Starting Balance Receivable (Payable) | Ending Balance Receivable (Payable) | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 08/01/2024 - 08/31/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Payable To | Accuride EMI, LLC | 09/01/2024 - 09/30/2024 | (32,303) | (32,303) | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 10/01/2023 - 10/31/2023 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 11/01/2023 - 11/30/2023 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 12/01/2023 - 12/31/2023 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 01/01/2024 - 01/31/2024 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 02/01/2024 - 02/29/2024 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 03/01/2024 - 03/31/2024 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 04/01/2024 - 04/30/2024 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 05/01/2024 - 05/31/2024 | 148,682 | 148,682 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 06/01/2024 - 06/30/2024 | 148,682 | 165,197 | 16,516 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 07/01/2024 - 07/31/2024 | 165,197 | 165,197 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 08/01/2024 - 08/31/2024 | 165,197 | 226,852 | 61,655 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Erie, L.P. | 09/01/2024 - 09/30/2024 | 226,852 | 226,852 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 10/01/2023 - 10/31/2023 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 11/01/2023 - 11/30/2023 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 12/01/2023 - 12/31/2023 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 01/01/2024 - 01/31/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 02/01/2024 - 02/29/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 03/01/2024 - 03/31/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 04/01/2024 - 04/30/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 05/01/2024 - 05/31/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 06/01/2024 - 06/30/2024 | 144,702 | 144,702 | - |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 07/01/2024 - 07/31/2024 | 144,702 | 143,715 | (987) |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 08/01/2024 - 08/31/2024 | 143,715 | 220,957 | 77,242 |
| Gunite Corporation | Intercompany Trade Receivable From | Accuride Henderson Limited Liability Company | 09/01/2024 - 09/30/2024 | 220,957 | 220,957 | - |
| Gunite Corporation | Intercompany Trade Receivable From | KIC LLC | 10/01/2023 - 10/31/2023 | 2,757,481 | 2,221,021 | (536,460) |
| Gunite Corporation | Intercompany Trade Receivable From | KIC LLC | 11/01/2023 - 11/30/2023 | 2,221,021 | 1,597,436 | (623,585) |
| Gunite Corporation | Intercompany Trade Receivable From | KIC LLC | 12/01/2023 - 12/31/2023 | 1,597,436 | 1,244,588 | (352,847) |
| Gunite Corporation | Intercompany Trade Receivable From | KIC LLC | 01/01/2024 - 01/31/2024 | 1,244,588 | 796,508 | (448,080) |
| Gunite Corporation | Intercompany Trade Receivable From | KIC LLC | 02/01/2024 - 02/29/2024 | 796,508 | 409,327 | (387,181) |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 03/01/2024 - 03/31/2024 | 409,327 | (59,810) | (469,137) |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 04/01/2024 - 04/30/2024 | (59,810) | (173,533) | (113,723) |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 05/01/2024 - 05/31/2024 | (173,533) | (517,961) | (344,428) |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 06/01/2024 - 06/30/2024 | (517,961) | (666,075) | (148,114) |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 07/01/2024 - 07/31/2024 | (666,075) | (663,112) | 2,962 |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 08/01/2024 - 08/31/2024 | (663,112) | (663,112) | - |
| Gunite Corporation | Intercompany Trade Payable To | KIC LLC | 09/01/2024 - 09/30/2024 | (663,112) | (696,030) | (32,917) |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 10/01/2023 - 10/31/2023 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 11/01/2023 - 11/30/2023 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 12/01/2023 - 12/31/2023 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 01/01/2024 - 01/31/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 02/01/2024 - 02/29/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 03/01/2024 - 03/31/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 04/01/2024 - 04/30/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 05/01/2024 - 05/31/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 06/01/2024 - 06/30/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 07/01/2024 - 07/31/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 08/01/2024 - 08/31/2024 | (230,179,831) | (230,179,831) | - |
| Gunite Corporation | Intercompany Trade Payable To | Transportation Technologies Industries, Inc. | 09/01/2024 - 09/30/2024 | (230,179,831) | (230,179,831) | - |

Debtor Name: Gunite Corporation                                    Case Number: 24-12301

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| Gunite Corporation and LaEugene Jones / UAW and Local No. 178 | FMCS 220916-09323 | Arbitration - Case No. FMCS 220916-09323 | ARBITRATION | Concluded |
| LaEugene Jones v. Gunite Corp. | 25-CA-283483 | NLRB Charge | NATIONAL LABOR RELATIONS BOARD 1015 HALF STREET SE WASHINGTON, DC 20570-0001 | Pending |
| International Union v. Accuride Corp. | N/A | Litigation - NLRB Charge | NATIONAL LABOR RELATIONS BOARD 1015 HALF STREET SE WASHINGTON, DC 20570-0001 | Pending |
| Occupational Safety and Health Review Commission Docket No. 24-0851 | OSHRC DOCKET NO. 24-0851 | Occupational Safety and Health Review Commission Docket No. 24-0851 | OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION 1120 20TH STREET NW 9TH FLOOR WASHINGTON, DC 20036-3457 | Pending |
| N/A | N/A | Settled OSHA Allegation | OSHA 1771 WEST DIEHL ROAD SUITE 210 NAPERVILLE, IL 60563 | Concluded |
| N/A | N/A | Alleged OSHA Violation | OSHA 1771 WEST DIEHL ROAD SUITE 210 NAPERVILLE, IL 60563 | Pending |
| Gary v. Gunite Corp. | EEOC Charge No. 440-2023-03398 | Labor Grievance/Arbitration - EEOC Charge No. 440-2023-03398 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 131 M STREET, NE WASHINGTON, DC 20507 | Concluded |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 9:** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

| Recipient Name and Address | Relationship to Debtor | Description | Date | Value |
|---|---|---|---|---|
| JAPANESE GARDENS<br>318 SPRING CREEK ROAD<br>ROCKFORD, IL 61107 | N/A | Sponsorship | 2023 | $7,500 |
| JAPANESE GARDENS<br>318 SPRING CREEK ROAD<br>ROCKFORD, IL 61107 | N/A | Sponsorship | 2024 | $7,500 |
| ROCKFORD AREA ECONOMIC DEVELOPMENT COUNCIL<br>308 W. STATE STREET<br>ROCKFORD, IL 61101 | N/A | Public Relations | 2023 | $10,000 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 13:** Transfers not already listed on this statement

| Creditor Name and Address | Description of Property | Relationship to Debtor | Date | Amount |
|---|---|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC<br>5601 GRANITE PARKWAY<br>SUITE 1350<br>PLANO, TX 75024 | Sale-Leaseback Transaction, Equipment | Equipment Lessor | 07/14/2023 | $30,520,611.98 |
| VARILEASE FINANCE, INC.<br>2800 EAST COTTONWOOD PARKWAY<br>2ND FLOOR<br>SALT LAKE CITY, UT 84121 | Sale-Leaseback Transaction, Equipment | Equipment Lessor | 11/08/2023 | $4,000,000.00 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 20:** Off-premises storage

| Storage Facility Name and Address | Access Names | Address | Contents | Still Have It |
|---|---|---|---|---|
| IRON MOUNTAIN<br>1201 FREEDOM ROAD<br>CRANBERRY TOWNSHIP, PA 166066<br>UNITED STATES | Evan Haffenden | 302 PEOPLES AVENUE,<br>ROCKFORD, IL 61104 | Historical Records | Yes |
| SHANAHOWE WAREHOUSE<br>340 BLACKHAWK PARK AVE.<br>ROCKFORD, IL 61104 UNITED STATES | N/A | 302 PEOPLES AVENUE,<br>ROCKFORD, IL 61104 | Parts | No |

Debtor Name: Gunite Corporation

Case Number: 24-12301

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 21:** Property held for another

| Owner's Name and Address | Location of Property | Description of Property | Value |
|---|---|---|---|
| AT&T<br>PO BOX 5080<br>CAROL STREAM, IL 60197-5080<br>UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Switching/Network Hardware | $8,000 |
| BAR CODE DOCTOR<br>PO BOX 5167<br>ROCKFORD, IL 61125 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | VMI Inventory | $50,000 |
| CANTEEN<br>940 LIVELY BLVD<br>WOOD DALE, IL 60191 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Microwaves, Vending Machines, Stock | $50,000 |
| CINTAS<br>5100 26TH AVE<br>ROCKFORD, IL 61109 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Mats, Uniforms, Recepticles | $100,000 |
| COMCAST<br>1701 JFK BOULEVARD<br>PHILADELPHIA, PA 19103 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Switching/Network Hardware | $8,000 |
| DUBAK ELECTRICAL<br>10 BEACH AVE<br>LAGRANGE, IL 60526 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Gang Box, Tools, and Equipment | $30,000 |
| DUBAK MECHANICAL<br>10 BEACH AVE<br>LAGRANGE, IL 60526 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Gang Box, Tools, and Equipment | $30,000 |
| EQUIPMENT DEPOT<br>75 REMITTANCE DRIVE, SUITE #3295<br>CHICAGO, IL 60675-3295 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Tools, Lifts, Spare Parts, Computers, Rental Equipment | $1,000,000 |
| FERRELGAS<br>PO BOX 398<br>MARION, IL 62959 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Propane Tanks And Racks | $50,000 |
| INTERNATIONAL MOTORS, LLC<br>2701 NAVISTAR DRIVE<br>LISLE, IL 60532 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for International Navistar Part #1670176C1 (Gunite PN 3647X) (3-ON 18.68 OD) | $60,000 |
| IVMS<br>ADDRESS ON FILE | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Golf Cart, Gang Box, Tools, and Equipment | $50,000 |
| JOE BIRDSELL<br>ADDRESS ON FILE | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Desk/Work Bench and All Contents, Tool Box and Contents, Laptop, Meters, Calipers | $4,000 |
| LINDE<br>DEPT 0812, PO BOX 120812<br>DALLAS, TX 75312-0812 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Welding Gas Tanks, Main O2 Tank and Associated Equipment On Melt Deck, Vmi Welding Supplies | $50,000-$500,000 |
| MAGID<br>1300 NAPERVILLE DRIVE<br>ROMEOVILLE, IL 60446 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Vending Machines, VMI | $100,000 |
| MEDCOR<br>PO BOX 75570<br>CLEVELAND, OH 44101 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Computer | $3,000 |
| MEIBORG BROTHERS<br>3814 11TH ST<br>ROCKFORD, IL 61109 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drop Trailers | $250,000 |
| MERIDIAN GROUP<br>191 N WACKER DRIVE, 30TH FLOOR<br>CHICAGO, IL 60606 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Copiers | $40,000 |
| MERITOR<br>88 STEADMANTOWN LANE<br>FRANKFORT, KY 40601 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Fabco Part Number 3764X. (3-ON Pattern) | $60,000 |
| MOTION INDUSTRIES<br>2544 MJM INDUSTRIAL DR<br>EVANSVILLE, IN 47715 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | VLM, VMI Inventory, Vending Machines | $1,000,000+ |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 21:** Property held for another

| Owner's Name and Address | Location of Property | Description of Property | Value |
|---|---|---|---|
| PSMI<br>1255 BEACH COURT<br>SALINE, MI 48176 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Computer, Vending Machines | $250,000 |
| SPRINGFIELD ELECTRIC<br>737 N MADISON ST<br>ROCKFORD, IL 61105 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | VMI Inventory | $100,000 |
| THE BUG MAN<br>PO BOX 18<br>WOODSTOCK, IL 60098 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Traps | $5,000 |
| TOM STEURER<br>ADDRESS ON FILE | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Porta Potty | $3,000 |
| TRUCENT<br>29400 NETWORK PLACE<br>CHICAGO, IL 60673-1400 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Computer | $5,000 |
| VARIOUS EMPLOYEE OWNERS<br>VARIOUS ADDRESSES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Golf Carts | Undetermined |
| VOLVO<br>S-405 31<br>GOTEBURG, STOCKHOLM, 405 31 SWEDEN | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Etching Equipment | $2,500 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Gunite Part Number 8715X, Mack Cast Captive Unit But No Unique PN on Casting (3-On Pattern, 18.68 Od) | $60,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Mack Part #17Qj-3239-Api (Gunite PN 3020X) (3-ON Pattern, 19.06 OD) | $60,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Mack Part #17Qj479 (Gunite PN 3165X) (3-ON Pattern, 17.54 OD) | $60,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Gunite Part Number 3449X, Mack Cast Captive Unit But No Unique PN on Casting. (2-ON Pattern, Large Frame 20.5 OD) | $40,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Mack Part #17Qj470P2 (Gunite PN 3498Ax) (2-ON Pattern, Large Frame 20.5 OD) | $40,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Gunite Part Number 3691X, Mack Cast Captive Unit But No Unique PN On Casting (3-ON Pattern) | $60,000 |
| VOLVO / MACK TRUCKS<br>ATTN: OPTION CENTER, 700 ALBURTIS ROAD<br>MACUNGIE, PA 18062 UNITED STATES | 302 PEOPLES AVENUE, ROCKFORD, IL 61104 | Drum Pattern for Mack Part #17Qj470 (Gunite PN 8686X) (2-ON Pattern, Large Frame 20.5 OD) | $40,000 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
|  |

The Debtors have historically provided financial statements to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, landlords, material vendors, advisors and others. The Debtors do not maintain records of the parties who have requested or obtained copies.

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| BRYAN NEIGHBORS | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Treasurer | N/A |
| CHAD MONROE | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Vice President and Director | N/A |
| K. TIMOTHY KLINE | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Assistant Secretary | N/A |
| MATTHEW A. FREEMAN | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Secretary | N/A |
| ROBIN KENDRICK | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Chief Executive Officer and Director | N/A |
| TRUCK COMPONENTS, INC. | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Shareholder | 100% |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| FRED NELSON | 38777 SIX MILE ROAD<br>SUITE 410<br>LIVONIA, MI 48152 | Former Vice President and Director | 08/20/2018 | 09/06/2024 |