**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ACCURIDE CORPORATION, *et al.*,[1] ) | Case No. 24-12289 (JKS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket No. 215** |
| ) | |

**ORDER (I) CONDITIONALLY
APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT, (II) APPROVING
(A) THE SOLICITATION AND VOTING PROCEDURES,
(B) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH, AND (C) CERTAIN DATES WITH RESPECT THERETO, (III)
SCHEDULING A COMBINED HEARING, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (i) approving: (a) on a conditional basis, the adequacy of the Disclosure Statement, (b) the Solicitation and Voting Procedures; (c) the form of Ballot, Opt In Form, and notices in connection therewith, and (d) certain dates and deadlines with respect thereto; (ii) scheduling a Combined Hearing; and (iii) granted related relief; and upon the First Day Declaration; and the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Case 24-12289-JKS    Doc 327    Filed 11/20/24    Page 2 of 12

from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

**I.     Approval of the Disclosure Statement on a Conditional Basis.**

2. The Disclosure Statement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved on a conditional basis as containing adequate information for Holders of Claims entitled to vote on the Plan to make an informed decision as to whether to vote to accept or reject the Plan in accordance with sections 105 and 1125(a)(1) of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

2

**II.     Approval of the Solicitation and Voting Procedures.**

4.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**, which are hereby approved in their entirety.

5.     Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest solely for purposes of voting to accept or reject the Plan shall have until 10 days from the later of (a) the distribution of the Combined Hearing Notice and (b) the filing of an objection to such Claim or Interest to file such a motion.  The Debtors and other parties in interest shall have until December 16, 2024, at 4:00 p.m., prevailing Eastern Time, as the deadline to file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

**III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

   **A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

6.     The following dates are hereby established (subject to modification as necessary) with respect to solicitation of votes on the Plan, final approval of the Disclosure Statement, and confirmation of the Plan:

| Event | Date |
| --- | --- |
| Voting Record Date | November 19, 2024 |
| Solicitation Deadline | One (1) business day following entry of this Order (or as soon as reasonably practicable thereafter) |
| Publication Deadline | Two (2) business days following entry of this Order (or as soon as reasonably practicable thereafter) |
| Plan Supplement Filing Deadline | The date that is no later than seven (7) days prior to the Combined Hearing Objection Deadline |
| Combined Hearing Objection Deadline | December 16, 2024, at 4:00 p.m., prevailing Eastern Time |

| Event | Date |
|---|---|
| Voting Deadline | December 16, 2024, at 4:00 p.m., prevailing Eastern Time |
| Deadline to File Voting Report | December 19, 2024 |
| Confirmation Brief and Plan Objection Reply Deadline | December 19, 2024 |
| Combined Hearing | December 23, 2024, at 10:30 a.m., prevailing Eastern Time |

7. The timeline set forth herein provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan. The Debtors may adjourn the Combined Hearing Date and any related dates and deadlines from time to time, without notice to the parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List. Any such adjournment shall also be posted on the Debtors' restructuring website at https://omniagentsolutions.com/Accuride.

**B.  Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

8. The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Class entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

    (a)    the Disclosure Statement, substantially in the form attached hereto as **Exhibit 1** (and exhibits thereto, including the Plan);

    (b)    a copy of the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**;

    (c)    a Ballot, substantially in the form attached hereto as **Exhibit 4**, including detailed instructions for how to submit such Ballot through the E-Ballot Portal (as defined below);[3]

    (d)    the Cover Letter, substantially in the form attached hereto as **Exhibit 5**: (1) describing the contents of the Solicitation Package and (2) including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement and this Order (without exhibits, except the Solicitation and Voting Procedures); and

    (e)    the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**;

    (f)    this Order (without exhibits, except for the Solicitation and Voting Procedures); and

    (g)    any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

9.     The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10.     The Debtors shall distribute the Solicitation Packages by first-class U.S. mail, including detailed instructions on how to submit the Ballot via the E-Ballot Portal, to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

11.     The Debtors are authorized, but not directed or required, to distribute the Plan and Disclosure Statement to Holders of Claims entitled to vote on the Plan by providing instructions as part of the Solicitation Package for accessing these documents through the Debtors'

---

[3] The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

restructuring website (https://omniagentsolutions.com/Accuride), and if requested, a hard copy or flash drive within three (3) business days of receipt of such request.  On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages (other than Ballots) to the U.S. Trustee and (b) this Order (in electronic format) and the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

12. Any party that would prefer to receive materials in paper format may contact the Solicitation Agent and request paper copies of the materials (to be provided at the Debtors' expense).

13. The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the Debtors, (c) receiving, tabulating, and reporting on Opt In Forms received by Holders of Claims and Interests, (d) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballot, the Opt In Form, the Solicitation Package, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, objecting to the Plan, and opting into the Third-Party Release, (e) soliciting votes on the Plan, and (f) if necessary, contacting creditors regarding the Plan.

14. The Solicitation Agent is authorized to accept Ballots and Opt In Forms via electronic online transmission solely through a customized online balloting portal on the Debtors' case website (https://omniagentsolutions.com/Accuride-Ballots) (the "E-Ballot Portal").  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  E-Ballots shall be the sole method by which a

creditor may submit a Ballot. Ballots submitted by mail, hand delivery, overnight courier, e-mail, facsimile, or other electronic means shall be deemed invalid.

15. Opt In Forms may be submitted (a) digitally via the E-Ballot Portal and (b) for any Holder of a Claim that receives a Notice of Non-Voting Status, in hard copy via (i) first-class mail or (ii) hand delivery to the Solicitation Agent, in each case by no later than the Voting Deadline.

16. All votes to accept or reject the Plan must be cast by using the appropriate E-Ballot. All E-Ballots must be properly executed, completed, and submitted according to their applicable voting instructions so that the Ballots are actually received by the Solicitation Agent no later than the Voting Deadline. The Debtors are authorized to extend the Voting Deadline in their sole discretion and without further order of the Court.

C. **Approval of the Combined Hearing Notice.**

17. The Combined Hearing Notice constitutes adequate and sufficient notice of the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

18. The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, shall be filed by the Debtors and served, within one business day following entry of this Order, upon the Debtors' entire creditor matrix and all interest holders of record; *provided* that in lieu of mailing a Combined Hearing Notice to such parties for whom the Debtors maintain active electronic mail addresses on record (meaning that such electronic mails do not respond that the message is undeliverable), the Debtors will cause the Combined Hearing Notice to be sent by electronic mail to such parties.

19. In addition, the Debtors shall submit the Combined Hearing Notice in a format modified for publication (the "Publication Notice") one time within 2 business days of the netry of this Order, or as soon as reasonably practicable after, in *The New York Times* or another similar nationally circulated news publication.

**D.   Approval of Notice of Filing of the Plan Supplement.**

20. The Debtors shall file the Plan Supplement, substantially in the form attached hereto as **Exhibit 7** at least seven days prior to the Combined Hearing Objection Deadline. The Debtors shall serve the Plan Supplement on Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement. The Debtors shall post the Plan Supplement on the Debtors' restructuring website at https://omniagentsolutions.com/Accuride.

**E.   Approval of the Form of Notices to Non-Voting Classes and Opt In Form.**

21. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall distribute by mail (first-class postage prepaid), a Notice of Non-Voting Status and Opt In Form in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Classes 1, 2, and 3 | Unimpaired, Conclusively Presumed to Accept | Will receive a Notice of Non-Voting Status and Opt In Form, substantially in the form attached hereto as **Exhibit 3** in lieu of a Solicitation Package. |
| Classes 5, 6, and 9 | Impaired, Conclusively Deemed to Reject | Will receive a Notice of Non-Voting Status and Opt In Form, substantially in the form attached hereto as **Exhibit 3**, and applicable in lieu of a Solicitation Package. |

| Class | Status | Treatment |
|---|---|---|
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims or Interests will receive a Notice of Non-Voting Status and Opt In Form, substantially in the form attached to the Order as **Exhibit 3**, and applicable Opt In Form. |

22. The Debtors are not required to distribute Solicitation Packages or other solicitation materials to the following: (a) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's conditional approval of the Disclosure Statement was sent but was subsequently returned as undeliverable; or (c) Holders of Class 7 Intercompany Claims and Class 8 Intercompany Interests.

    **F.    Approval of Assumption Notice.**

23. The Debtors are authorized to distribute by email, where available, and otherwise by first-class U.S. mail, an Assumption Notice, substantially in the form attached hereto as **Exhibit 8**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods and any reservation of rights period specified in the Plan.

    **G.    Approval of Rejection Notice.**

24. The Debtors are authorized to distribute by email, where available, and otherwise by first-class U.S. mail, a Rejection Notice, substantially in the form attached hereto as **Exhibit 9**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected pursuant to the Plan, within the time periods specified in the Plan. If certain, but not all, of a contract counterparty's Executory Contracts and Unexpired Leases are assumed pursuant to the

Plan, the Confirmation Order will be a determination that such counterparty's Executory Contracts and Unexpired Leases that are being rejected pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and Unexpired Leases that are being assumed pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts or Unexpired Leases must file a timely objection by the Combined Hearing Objection Deadline on the grounds that their agreements are integrated and not severable.

### H. Approval of the Procedures for Filing Objections to the Plan.

25.    Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Additionally, all objections to final approval of the Disclosure Statement and/or confirmation of the Plan, or requests for modifications to the Plan, if any, must:  (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, and (d) be filed with the Court (contemporaneously with a proof of service) and served on the Notice Parties (as defined in the Combined Hearing Notice) so as to be *actually received* on or before December 16, 2024, at 4:00 p.m, prevailing Eastern Time.

### IV. Miscellaneous.

26.    The Debtors may make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Notice of Non-Voting Status, Ballot, Opt In Form, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Rejection Notice, and related documents after the entry of this Order without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

27. The Debtors reserve the right to modify the Plan without further order of the Court in accordance with <u>Article X</u> of the Plan, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

28. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

29. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

31. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

32. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 20th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**