**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCURIDE CORPORATION, *et al.*,[1] | ) | Case No. 24-12289 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE JOINT CHAPTER 11 PLAN FILED BY THE DEBTORS**

**PLEASE TAKE NOTICE THAT** on November 20, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 327] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Amended Joint Plan of Reorganization of Accuride Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 301] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Accuride Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 302] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider final approval of Disclosure Statement and Confirmation of the Plan (the "Combined Hearing") will commence on **December 23, 2024, at 10:30 a.m., prevailing Eastern Time** before the Honorable J. Kate Stickles, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, 3rd Floor, Courtroom #6, Wilmington, DE 19801.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie, L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein have the same meaning ascribed to them in the Plan.

> **PLEASE BE ADVISED**: THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.
>
> ANY SUCH NOTICES OF ADJOURNMENT ARE AVAILABLE FREE OF CHARGE ON THE DEBTORS' CASE WEBSITE AT https://omniagentsolutions.com/Accuride

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **November 19, 2024**, which is the date for determining which Holders of Claims in Class 4 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **December 16, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*:  (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' solicitation agent, Omni Agent Solutions, Inc. (the "Solicitation Agent") on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote*.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D OF THE PLAN CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Combined Hearing Objection Deadline**.  The deadline for filing objections to final approval of the Disclosure Statement and/or confirmation of the Plan, as applicable, is **December 16, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Combined Hearing Objection Deadline").  All objections to the relief sought at the Combined Hearing *must*:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to final approval of the Disclosure Statement and/or confirmation of the Plan and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the counsel to the Debtors, the U.S. Trustee, counsel to the DIP Lenders, and counsel to the Committee so as to be *actually received* on or before the Combined Hearing Objection Deadline.

**Please be advised that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:[3]**

Article VIII.C of the Plan provides for a release by the Debtors (the "Debtor Release"):

[**Notwithstanding anything contained in this Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, by and on behalf of the Debtors, their Estates, and, if applicable, the Reorganized Debtors, in each case on behalf of itself and its respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, from any and all claims and Causes of Action whatsoever (including any Avoidance Actions and any derivative claims asserted or assertable on behalf of the Debtors, their Estates, or the Reorganized Debtors), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that the Debtors, their Estates, the Reorganized Debtors, if applicable, or their Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Estates, the management, ownership, or operation of the Debtors, the Chapter 11 Cases, the Restructuring Transactions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions, events, circumstances, acts, or omissions giving rise to, any Claim or Interest that is treated under this Plan, the business or contractual arrangements or interactions between the Debtors and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, any other in-court or out-of-court restructuring efforts of the Debtors, the negotiation, formulation, or preparation of the Restructuring Term Sheet, the Restructuring Transactions, the Prepetition Credit Documents, the New Organizational Documents, the DIP Documents, the DIP Orders, the Disclosure Statement, the Plan Supplement, this Plan and related agreements, instruments, and other documents, the solicitation of votes with respect to this Plan, the New Takeback Facility Documents, the Rights Offering Documents, the New ABL Facility Documents, the New Organizational Documents, the Liquidating Trust Agreements, and all other Definitive Documents, and any other any act or omission,**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. The release provisions and related definitions in the Plan and set forth herein are subject to ongoing review, including as part of the Special Committee's independent investigation and its determination that releases should be provided.

3

**transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that notwithstanding anything herein to the contrary, nothing in this Plan shall affect, limit, or release in any way any performance obligations of any party or Entity under this Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; *provided*, *further*, that, nothing in Art. VIII.C shall be construed to release (i) the Released Parties from any criminal act or intentional fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in this Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing this Plan; (ii) a good faith settlement and compromise of the Claims released by the Debtor Release; (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; and (vi) a bar to any of the Debtors, the Debtors' Estates or, if applicable, the Reorganized Debtors, asserting any Claim or Cause of Action released pursuant to the Debtor Release provided, further, that, nothing in this Art. VIII.C shall be construed to release (i) the Released Parties from any criminal act or intentional fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order or (ii) any action included in the Schedule of Retained Causes of Action.][4]**

Article VIII.D of the Plan provides for a third-party release by Holders of Claims and Interests (the "**Third-Party Release**"):

**[Except as otherwise expressly set forth in this Plan or the Confirmation Order, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, by the Releasing Parties, in each case on behalf of itself and its respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, in each case solely to the extent of the Releasing Parties' authority to bind any of the foregoing, including pursuant to agreement or applicable non bankruptcy law, from any and all claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or**

---

[4] The release provisions and related definitions in this Plan are subject to ongoing review and discussion with the AHG, and subject to review as part of the Special Committee's independent investigation and its determination that releases should be granted.

otherwise, that such Holders or their estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Estates, the management, ownership, or operation of the Debtors, the Chapter 11 Cases, the Restructuring Transactions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions, events, circumstances, acts, or omissions giving rise to, any Claim or Interest that is treated under this Plan, the business or contractual arrangements or interactions between the Debtors and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, any other in-court or out-of-court restructuring efforts of the Debtors, the negotiation, formulation, or preparation of the Restructuring Term Sheet, the Restructuring Transactions, the Prepetition Credit Documents, the New Organizational Documents, the DIP Documents, the DIP Orders, the Disclosure Statement, the Plan Supplement, this Plan and related agreements, instruments, and other documents, the solicitation of votes with respect to this Plan, the New Takeback Facility Documents, the Rights Offering Documents, the New ABL Facility Documents, the New Organizational Documents, the Liquidating Trust Agreements, and all other Definitive Documents, and any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that notwithstanding anything herein to the contrary, nothing in this Plan shall affect, limit, or release in any way any performance obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan.  For the avoidance of doubt, nothing in Article VIII.D shall be construed to release the Released Parties from any criminal act, intentional fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is:  (i) consensual; (ii) essential to the confirmation of this Plan; (iii) given in exchange for good and valuable consideration provided by the Released Parties; (iv) a good faith settlement and compromise of the Claims released by the Third-Party Release; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and made after due notice and opportunity for hearing; and (viii) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.][5]

---

[5] The release provisions and related definitions in this Plan are subject to ongoing review and discussion with the AHG, and subject to review as part of the Special Committee's independent investigation and its determination that releases should be granted.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS AND CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS ARISING UNDER CHAPTER 5 OF THE BANKRUPTCY CODE, INCLUDING SECTIONS 502(d), 542, 544, 545, 547, 548, 549, 550, 551, 552, AND 553(b) OF THE BANKRUPTCY CODE, AND APPLICABLE NON-BANKRUPTCY LAW.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASE SET FORTH IN ARTICLE VIII.C OF THIS PLAN.

[UNDER THE PLAN, "*RELEASED PARTIES*" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH DEBTOR; (B) EACH REORGANIZED DEBTOR; (C) EACH HOLDER OF A TERM LOAN CLAIM; (D) EACH DIP LENDER AND HOLDER OF A DIP CLAIM; (E) EACH AGENT; (F) THE SPONSOR; (G) THE COMMITTEE AND EACH OF ITS MEMBERS, SOLELY IN THEIR RESPECTIVE CAPACITIES AS SUCH; (H) EACH RELEASING PARTY; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH THE FOLLOWING CLAUSE (J); (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH THE PRECEDING CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT:  (X) ELECTS NOT TO OPT IN TO THE RELEASES DESCRIBED IN ARTICLE VIII.D OF THIS PLAN; OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THIS PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.][6]

[UNDER THE PLAN, "*RELEASING PARTIES*" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) EACH HOLDER OF A TERM LOAN CLAIM; (D) EACH DIP LENDER AND HOLDER OF A DIP CLAIM; (E) EACH AGENT; (F) THE SPONSOR; (G) THE COMMITTEE AND EACH OF ITS MEMBERS, SOLELY IN THEIR RESPECTIVE CAPACITIES AS SUCH; (H) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THIS PLAN; (I) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THIS PLAN AND THAT AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED FOR IN THIS PLAN; (J) ALL HOLDERS OF CLAIMS THAT ABSTAIN FROM VOTING ON THIS PLAN AND THAT AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED FOR IN THIS PLAN; (K) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THIS PLAN OR ARE DEEMED TO REJECT THIS PLAN AND THAT AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED FOR IN THIS PLAN; (L) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH (K); AND (M) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (L) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THIS PLAN UNDER APPLICABLE LAW; PROVIDED THAT, FOR THE AVOIDANCE OF

---

[6] The release provisions and related definitions in this Plan are subject to ongoing review and discussion with the AHG, and subject to review as part of the Special Committee's independent investigation and its determination that releases should be granted.

DOUBT, AN ENTITY IN CLAUSE (I) THROUGH CLAUSE (L) SHALL NOT BE A RELEASING PARTY IF IT: (X) ELECTS NOT TO OPT IN TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THIS PLAN; OR (Y) TIMELY OBJECTS TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THIS PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION; PROVIDED, FURTHER, THAT EACH SUCH ENTITY THAT VALIDLY OBJECTS TO OR ELECTS NOT TO OPT IT TO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST, SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.][7]

Article VIII.E of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**To the fullest extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party will be released and exculpated from, any Claim or Cause of Action occurring between the Petition Date and the Effective Date in connection with or arising out of the administration of the Chapter 11 Cases, the negotiation and pursuit of the Restructuring Term Sheet, the Restructuring Transactions, the Prepetition Credit Documents, the New Organizational Documents, the DIP Documents, the DIP Orders, the Disclosure Statement, the Plan Supplement, this Plan and related agreements, instruments, and other documents, the New Takeback Facility Documents, the Rights Offering Documents, the New ABL Facility Documents, the Liquidating Trust Agreements, and all other Definitive Documents, the solicitation of votes for, or Confirmation of, this Plan, the funding of this Plan, the occurrence of the Effective Date, the administration of this Plan or the property to be distributed under this Plan, the issuance of Securities under or in connection with this Plan, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, if applicable, in connection with this Plan and the Restructuring Transactions, or the transactions in furtherance of any of the foregoing, other than Claims or Causes of Action in each case arising out of or related to any act or omission of an Exculpated Party that is a criminal act or constitutes actual fraud, willful misconduct, or gross negligence as determined by a Final Order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to this Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability; *provided*, that notwithstanding anything herein to the contrary, nothing in this Plan shall affect, limit, or release in any way any performance obligations of any party or Entity under this Plan or any document, instrument, or**

---

[7] The release provisions and related definitions in this Plan are subject to ongoing review and discussion with the AHG, and subject to review as part of the Special Committee's independent investigation and its determination that releases should be granted.

7

**agreement (including those set forth in the Plan Supplement) executed to implement this Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise expressly provided in this Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to this Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date through and until the date upon which all remaining property of the Debtors' Estates vested in the Reorganized Debtors has been liquidated and distributed in accordance with the terms of this Plan, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (iii) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released or settled pursuant to this Plan.**

**No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to Article VIII.C, Article VIII.D, or Article VIII.E hereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Federal Rules of Civil Procedure, including, but not**

limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of this Plan. Except as otherwise set forth in the Confirmation Order, each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to this Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you have received a Solicitation Package and have any questions or if you would like to obtain additional solicitation materials, please feel free to contact the Debtors' Claims and Solicitation Agent, by: (a) writing via first class mail, to Accuride Corporation Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367; (b) writing via electronic mail to accurideinquiries@omniagnt.com; or (c) calling the Debtors' restructuring hotline at (866) 956-2136 (U.S. & Canada Toll-Free) or +1 (747) 263-0154 (International). You may also obtain copies of any pleadings filed in these chapter 11 cases (a) for a fee via PACER at: http://www.deb.uscourts.gov; or (b) at no charge from Omni Agent Solutions, Inc. by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Accuride.

Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file documents constituting the Plan Supplement (as defined in the Plan) on or prior to **the date that is seven (7) days prior to the Combined Hearing**, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

[*Remainder of page intentionally left blank.*]

Dated: November 21, 2024
Wilmington, Delaware

/s/ Jared W. Kochenash

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** |
| --- | --- |
| Joseph Barry (Del. Bar No. 4221) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kenneth J. Enos (Del. Bar No. 4544) | Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) |
| Jared W. Kochenash (Del. Bar No. 6557) | Alexander D. McCammon (admitted *pro hac vice*) |
| Andrew A. Mark (Del. Bar No. 6861) | 333 West Wolf Point Plaza |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 571-6600 | Email: ryan.bennett@kirkland.com |
| Facsimile: (302) 571-1253 | alex.mccammon@kirkland.com |
| Email: jbarry@ycst.com | |
| kenos@ycst.com | -and- |
| jkochenash@ycst.com | |
| amark@ycst.com | Derek I. Hunter (admitted *pro hac vice*) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: derek.hunter@kirkland.com |
| *Co-Counsel for the Debtors* | *Co-Counsel for the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |