**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ACCURIDE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 24-12289 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: December 6, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: December 23, 2024, at 10:30 a.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF ALIXPARTNERS, LLP AS ITS
<u>FINANCIAL ADVISOR EFFECTIVE AS OF OCTOBER 24, 2024</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Accuride Corporation, *et al*. (the "<u>Debtors</u>"), appointed pursuant to sections 1102 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") hereby submits this application (the "<u>Application</u>") for the entry of an order (the "<u>Proposed Order</u>"), substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ AlixPartners, LLP ("<u>AlixPartners</u>") as its financial advisor in connection with these chapter 11 cases (these "<u>Chapter 11 Cases</u>"), pursuant to the terms of the engagement letter by and among the Committee and AlixPartners, dated as of October 24, 2024 (the "<u>Engagement Letter</u>"), a copy of which is attached hereto as **Exhibit B**, effective as of October 24, 2024. In support of this Application, the Committee submits the declaration of David

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

17054279/1

MacGreevey, a Partner and Managing Director of AlixPartners, LLP (the "MacGreevey Declaration"), attached hereto as **Exhibit C**.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157. The Committee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these cases and this Application is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-2 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules").

## Background

4. On October 9, 2024, (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly. The Debtors are authorized to continue operating their businesses and managing their properties as debtors-in-possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Debtors' Chapter 11 Cases.

5. On October 22, pursuant to Bankruptcy Code sections 1102(a) and 1102(b)(1), the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee [Docket No. 127]. The Committee is currently comprised of the following seven (7) members: (i) Matalco USA, LLC; (ii) Pension Benefit Guaranty Corporation (PBGC); (iii) Ellwood Aluminum, LLC; (iv) Hydro Aluminum Metals USA, LLC; (v) Temium Mexico SA de CF; (vi) Zhumadian CIMC Huajun Casting Co., Ltd.; and (vii) International Union - UAW.

6. On October 23, 2024, the Committee selected Morrison & Foerster LLP ("MoFo") to serve as its lead counsel and Morris James LLP to serve as Delaware counsel, subject to Court approval.

7. On October 24, 2024 (the "Retention Date"), the Committee selected AlixPartners to serve as its financial advisor effective as of the Retention Date, subject to Court approval.

**Relief Requested**

8. By this Application, the Committee seeks entry of the Proposed Order, authorizing and approving the retention and employment of AlixPartners as its financial advisor, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, in accordance with the terms of the Proposed Order and Engagement Letter.

9. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code, with the Court's approval, to employ professionals on any reasonable terms and conditions of employment to perform services for the Committee in the discharge of such Committee's duties.

**AlixPartners' Qualifications**

10. AlixPartners is an internationally recognized restructuring and turnaround firm with substantial experience in providing financial advisory services and has an excellent reputation for its work in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. AlixPartners performs critical services that complement the services provided by the Committee's other professionals. AlixPartners is able to represent the Committee in a cost-effective, efficient and timely manner and has been performing such services since the Retention Date.

11. AlixPartners is well-qualified to serve as a financial advisor to the Committee. AlixPartners has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to these Chapter 11 Cases. Its professionals have provided restructuring or crisis management services in numerous large cases. *See, e.g., In re Western Global Airlines, Inc.*, No. 23-11093 (KBO) (Bankr. D. Del. Oct. 2, 2023); *In re Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.)*, No. 23-10852 (KBO) (Bankr. D. Del. Sept. 1, 2023); *In re Armstrong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. July 29, 2022); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. Aug. 12, 2020); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. Aug. 11, 2020); *In re Exide Holdings, Inc.*, No. 20-11157 (CSS) (Bankr. D. Del. July 16, 2020); *In re Boy Scouts of Am. and DE BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. May 23, 2020); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Apr. 22, 2020); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Apr. 15, 2020); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Nov. 22, 2019); *In re Enviva Inc.*, No. 24-10453 (BFK) (Bankr. E.D. Va. May 29, 2024); *In re Benefytt Techs., Inc.*, No. 23-90566 (CML)

(Bankr. S.D. Tex. Aug. 3, 2023); *In re Legacy Cares, Inc.*, No. 23-02832 (DPC) (Bankr. D. Ariz. May 31, 2023); *In re Altera Infrastructure L.P.*, No. 22-90129 (MI) (Bankr. S.D. Tex. Oct. 24, 2022); *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. Sept. 19, 2022); *In re Pareteum Corp.*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. Aug. 4, 2022); *In re GWG Holdings, Inc.*, No. 22-90032 (MI) (Bankr. S.D. Tex. Jul. 19, 2022); *In re Ion Geophysical Corp.*, No. 22-30987 (MI) (Bankr. S.D. Tex. Jun. 16, 2022); *In re Century 21 Department Stores LLC*, No. 20-12097 (SCC) (Bankr. S.D.N.Y. Nov. 2, 2020); *In re KB US Holdings, Inc.*, No. 20-22962 (SHL) (Bankr. S.D.N.Y. Oct. 20, 2020).

**Services to be Provided**

12. AlixPartners has begun to provide assistance to the Committee in accordance with the terms and conditions set forth in the MacGreevey Declaration and in the Engagement Letter.

13. It is presently anticipated that AlixPartners will continue to provide advice to and assist the Committee in evaluating and implementing strategic and tactical options through the bankruptcy and restructuring process. A general list of tasks AlixPartners may perform is as follows:

- Review and evaluate the Debtors' current financial condition, business plans and cash and financial forecasts, and periodically report to the Committee regarding the same.

- Review the Debtors' cash management, tax sharing and intercompany accounting systems, practices and procedures.

- Evaluate any proposed sale process and related bids, and participate in any meetings with bidders or auction, as required.

- Review and investigate: (i) related party transactions, including those between the Debtors and non-debtor subsidiaries and affiliates (including, but not limited to, shared services expenses and tax allocations) and (ii) selected other prepetition transactions.

- Identify and/or review potential preference payments, fraudulent conveyances and other causes of action that the various Debtors' estates may hold against third parties, including each other.

- Analyze the Debtors' assets and claims and assess potential recoveries to the various creditor constituencies under different scenarios.

- Assist in the development and/or review of the Debtors' restructuring support agreement, plan of reorganization and disclosure statement.

- Review and evaluate court motions filed or to be filed by the Committee, the Debtors, or any other parties-in-interest, as appropriate.

- Render expert testimony and litigation support services, including eDiscovery services, as requested from time to time by the Committee and its counsel, regarding any of the matters to which AlixPartners is providing services.

- Attend Committee meetings and Court hearings as may be required in the role of advisors to the Committee.

- Conduct eDiscovery, document review and forensic data services required in conjunction with any document requests or other discovery.

- Assist with such other matters as may be requested that fall within AlixPartners' expertise and are mutually agreeable.

14. When necessary, the individuals working on this matter (the "AlixPartners Personnel") will be assisted by or replaced by various professionals at various levels.

## No Duplication of Services

15. AlixPartners will work closely with MoFo to ensure that there will be no duplication of efforts or unnecessary overlap in the services to be provided by AlixPartners and those that have been provided or will be provided by the Committee's other professionals.

## Fee and Expense Structure

16. AlixPartners' decision to accept this engagement to advise and assist the Committee is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth in Schedule 1 of the Engagement Letter (the "Fee and Expense Structure") as modified by the Proposed Order to comply with the practices and requirements of the Court.

17.     AlixPartners' current standard hourly rates, subject to periodic adjustments, are as follows:

| Title | Hourly Rate |
|---|---|
| Partner / Partner & Managing Director | $1,200 – $1,495 |
| Senior Vice President / Director | $825 – $1,125 |
| Vice President | $640 – $810 |
| Analyst / Consultant | $230 – $625 |

18.     AlixPartners generally reviews and revises its billing rates semi-annually. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates become effective.

19.     To the extent the Committee requests services related to electronic discovery and data collection, certain monthly hosting fees and consulting fees will apply.

20.     To the extent AlixPartners uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

21.     In addition to compensation for services rendered by AlixPartners Personnel, AlixPartners will seek reimbursement for reasonable and necessary expenses incurred in connection with these Chapter 11 Cases, including transportation costs, lodging, and meals.

22.     AlixPartners intends to apply for compensation for services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the

Court's approval and in compliance with the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix A to 28 C.F.R. § 58) (collectively, the "Fee Guidelines"), applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order (I) Establishing Procedures for Interim Compensation and Reimburesment of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 208], and any other applicable orders of the Court, both in connection with this Application and the interim and final fee applications to be filed by AlixPartners in these Chapter 11 Cases.

23. AlixPartners will maintain records in support of any fees (in 1/10th of an hour increments), costs, and expenses incurred in connection with services rendered in these Chapter 11 Cases. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of those services provided on behalf of the Committee. AlixPartners' applications for compensation of fees and reimbursement of expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter and any procedures established by the Court, pursuant to an interim compensation order or otherwise.

24. AlixPartners does not seek a success fee in connection with these Chapter 11 Cases.

25. AlixPartners is not owed any amounts with respect to prepetition fees and expenses in connection with these cases.

26. Neither MoFo, the members of the Committee, nor any of their agents are or shall be responsible for the payment of AlixPartners' fees and costs arising out of the engagement described and referenced herein, regardless of whether or not AlixPartners is paid in full from the Debtors' estates.

27. The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by AlixPartners and other comparable firms that render similar services. The Committee believes that the Fee and Expense Structure is reasonable, market-based, and designed to compensate AlixPartners fairly for its work, and to cover fixed and routine expenses.

**AlixPartners' Disinterestedness**

28. To the best of the Committee's knowledge, and, except to the extent disclosed herein and in the MacGreevey Declaration, AlixPartners: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) has no connection to the Debtors, their creditors, or other parties in interest in these Chapter 11 Cases, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

29. As set forth in further detail in the MacGreevey Declaration, AlixPartners has certain connections with creditors, equity security holders, and other parties in interest in these Chapter 11 Cases. AlixPartners does not believe that any of these connections represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

30. In the event that AlixPartners learns of additional connections not reflected in the MacGreevey Declaration, AlixPartners will use reasonable efforts to promptly file a supplemental declaration.

**Indemnification Provisions**

31. The Engagement Letter contains standard indemnification language with respect to AlixPartners' services including, without limitation, an agreement by the Committee to have the Debtors indemnify AlixPartners and its affiliates, partners, directors, officers, employees and

- 9 -
17054279/1

agents (each, an "AlixPartners Party" and collectively, the "AlixPartners Parties") from and against all claims, liabilities, losses, expenses and damages arising out of or in connection with the engagement of AlixPartners that is the subject of the Engagement Letter, except to the extent caused by gross negligence, bad faith, willful misconduct, or fraud of any AlixPartners Party.

32. The Committee and AlixPartners believe that the indemnification provisions contained in the Engagement Letter, as may be amended in the Proposed Order, are customary and reasonable for AlixPartners and comparable firms providing financial advisory services, and as would be modified pursuant to the foregoing limitations, reflect the qualifications and limitations on indemnification provisions that are customary in this district and others.

33. Moreover, the terms and conditions of the indemnification provisions were negotiated by AlixPartners at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of AlixPartners' proposed retention, are reasonable and in the best interest of the Debtors, their estates, and all parties in interest. Accordingly, as part of this Application, the Committee requests that the Court approve the indemnification provisions as set forth in the Engagement Letter, as may be amended by the Proposed Order.

**Notice**

34. Notice of this Application will be provided to the following parties or their respective counsel:[2] (a) the Debtors, (b) U.S. Trustee for the District of Delaware, (c) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (d) counsel to the Ad Hoc Group of Term Loan Lenders; (e) counsel to the Prepetition ABL Agent; (f) the office

---

[2] Each as defined in the *Declaration of Charles Moore, Chief Restructuring Officer of Accuride Corporation, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 16], as applicable.

of the attorney general for each of the states in which Accuride operates; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

35. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE the Committee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 22, 2024

        Respectfully submitted,

        The Official Committee of Unsecured Creditors
        of Accuride Corporation, *et al.*,

        By: */s/ J. Duncan Pitchford*
             J. Duncan Pitchford on behalf of Hydro Aluminum Metals USA, LLC, solely in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Accuride Corporation, *et al.*