# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ACCURIDE CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No.: 24-12289 (JKS) <br><br> (Jointly Administered) <br><br> Re: Docket Nos. ___ |

## ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP AS ITS FINANCIAL ADVISOR EFFECTIVE AS OF OCTOBER 24, 2024

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in these Chapter 11 Cases of the above-captioned Debtors (the "Debtors") for entry of an order (this "Order"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), authorizing the Committee to employ and retain AlixPartners, LLP ("AlixPartners") as the Committee's financial advisor, effective as of October 24, 2024; and upon consideration of the Declaration of David MacGreevey (the "MacGreevey Declaration"); and it appearing that AlixPartners is "disinterested" and eligible for retention pursuant to sections 101(14) and 328(c) of the Bankruptcy Code; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

17054279/1

found the terms and conditions of AlixPartners' employment, including, but not limited to, the Fee and Expense Structure set forth in the Engagement Letter and Application, are reasonable under section 330 of the Bankruptcy Code; and the Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided, and the Court having reviewed the Application; and the Court having held a hearing on the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Application is in the best interest of the Debtors, their estates, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth in this Order.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain AlixPartners as its financial advisor in connection with these Chapter 11 Cases effective as of October 24, 2024, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit B**.

3. The terms of the Engagement Letter, including, without limitation, the indemnification provisions, are reasonable, and the conditions of employment are approved in all respects, as modified by this Order.

17054279/1

4. AlixPartners shall file monthly, interim, and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5. AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved, and the Debtors shall be bound by such terms. AlixPartners shall be compensated for the services identified in the Application, the MacGreevey Declaration and the Engagement Letter and reimbursed for out-of-pocket expenses incurred in connection with such services, pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

6. To the extent AlixPartners uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

7. The indemnification provisions included in the Engagement Letter are approved, subject to the following:

   a. No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

   b. The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's gross negligence, bad faith, fraud, or willful misconduct; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of any AlixPartners Party's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co*., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order.

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, an AlixPartners Party believes that they are entitled to the payment of any amounts by the Debtors on account of the indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation the advancement of defense costs, the AlixPartners Party must file an application therefore in the Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, any AlixPartners Party. All parties in interest

> shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

8. Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

10. To the extent there is an inconsistency between this Order, the Engagement Letter and the Application, the terms of this Order shall govern.

11. AlixPartners shall use its reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

12. The Committee and AlixPartners are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.