IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCURIDE CORPORATION, *et al.*,[1] | ) | Case No. 24-12289 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 461** |

**ORDER (I) AUTHORIZING THE DEBTORS TO AMEND THE
DIP CREDIT AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to amend the DIP Credit Agreement to provide for the DIP Upsize and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation (9077); Accuride Group Holdings, Inc. (4531); Accuride Intermediate Co., Inc. (9045); Accuride Distributing, LLC (3124); Accuride EMI, LLC (0389); Accuride Erie L.P. (4862); Accuride Henderson Limited Liability Company (8596); AKW General Partner, L.L.C. (4861); AOT, LLC (3088); Armor Parent Corp. (6684); Bostrom Holdings, Inc. (9282); Bostrom Seating, Inc. (7179); Gunite Corporation (9803); KIC LLC (6356); Transportation Technologies Industries, Inc. (2791); and Truck Components, Inc. (5407). The location of the Debtors' service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having entered each Interim DIP Order; and it appearing that the Debtors' amendment of the DIP Credit Agreement to provide for the DIP Upsize is a sound and prudent exercise of the Debtors' business judgment; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT;

1. The Motion is granted as set forth in this Order.

2. The Debtors are authorized, but not directed, to amend the DIP Credit Agreement to provide for the DIP Upsize, the final terms of which shall be memorialized in a third interim order granting the DIP Motion, and subject to the terms and conditions set forth in the DIP Credit Agreement, this Order, the Interim DIP Orders, and any subsequent interim or final orders regarding the DIP Motion.

3. Any and all objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived, settled, or resolved and all reservations of rights included therein, are hereby denied and overruled on the merits. This Order shall become effective immediately upon its entry.

4. Subject to entry of a third interim order granting the DIP Motion, the Debtors are authorized to incur an additional $7 million in aggregate principal DIP Upsize Loans. The DIP

Upsize Loans shall be treated in accordance with the terms of the DIP Credit Agreement, as amended, in each case subject to this Order, the Interim DIP Orders, and any subsequent interim and/or final orders regarding the DIP Motion.

5. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rule 9014, any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

6. Notwithstanding anything to the contrary herein and for the avoidance of doubt, the Committee and the Retiree Committee[3] reserve all rights with respect to the terms of any additional interim or final orders approving the DIP Upsize.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 23rd, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

---

[3] "Retiree Committee" means the official committee of retired employees of Gritnia Corporation appointed by the U.S. Trustee. *See Notice of Appointment of Retiree Committee* [Docket No. 424].