**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ACCURIDE CORPORATION,[1] ) | Case No. 24-12289 (JKS) |
| ) | |
| Reorganized Debtor. ) | |
| ) | |
| ) | **Hearing Date:** July 23, 2025 at 1:00 p.m. (ET) |
| ) | **Objection Deadline:** July 16, 2025 at 4:00 p.m. (ET) |

**THIRD MOTION OF THE REORGANIZED DEBTOR FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE REORGANIZED DEBTOR MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned reorganized debtor (the "Reorganized Debtor," and collectively with certain of its affiliates prior to the Effective Date (as defined below), the "Debtors") state as follows in support of this motion (this "Motion"):[2]

**RELIEF REQUESTED**

1. The Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Reorganized Debtor may seek removal of actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by approximately one hundred eighty (180) days, through and including January 5, 2026,[3] without prejudice to the rights of the Reorganized Debtor to seek further extensions of the time within which to remove actions and related proceedings; and (b) granting related relief.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Accuride Corporation (9077). The Reorganized Debtor's service address is: 38777 Six Mile Road, Suite 410, Livonia, MI 48152.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] The one hundred eightieth day falls on Saturday, January 3, 2026. Pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, the deadline is extended to the next business day Monday, January 5, 2026.

**JURISDICTION AND VENUE**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code, Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

**BACKGROUND**

**A.  General Background**

5.  On October 9, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On October 11, 2024, this Court entered an order directing the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 75].  On October 22, 2024, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 127] (the "Committee").  On December 10, 2024, the U.S. Trustee appointed an official committee of retirees [Docket No. 424].

6.  On February 12, 2025, the Court entered the *Findings Of Fact, Conclusions Of Law, And Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the*

*Second Modified Amended Joint Plan of Reorganization of Accuride Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 704], and on March 6, 2025, the Court entered the *Supplemental Order Regarding Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Modified Amended Joint Plan of Reorganization of Accuride Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 821] (together, the "Confirmation Order").

7. On March 7, 2025, the Plan went effective [Docket No. 824] (the "Effective Date"), and the Debtor emerged from chapter 11 as the Reorganized Debtor.

8. On April 23, 2025, the Bankruptcy Court entered an order [Docket No. 951] extending the removal deadline through July 7, 2025.

**B.      The Actions**

9. The Debtor is currently involved in certain civil actions commenced prepetition in various forums. The Reorganized Debtor continues to review its books and records and is in the process of determining whether to remove any Actions pursuant to 28 U.S.C. § 1452. Since the Petition Date, the Reorganized Debtor has worked diligently on a number of critical matters and has not yet decided which, if any, of the Actions it will seek to remove. Specifically, the Reorganized Debtor and their professionals have been focused on, among other things:

- stabilizing business operations to maximize the value of the Debtors' estates;

- addressing numerous questions, concerns, and issues raised by employees, vendors, customers, and other parties in interest;

- obtaining relief that has enabled the Reorganized Debtor to continue operating its businesses in these chapter 11 cases, including obtaining approval of a number of "first day" motions and "second day" motions, other than the debtor-in-possession financing;

- completing a two-session 341 meeting;

- obtaining entry of the claims bar date to facilitate the timely administration of their claims pool and beginning the process of reconciling claims and interests as promptly and efficiently as possible;

- filing the Plan and Disclosure Statement and obtaining interim approval to solicit votes thereof;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- preparing and filing the Schedules and Statements;

- obtaining entry of order approving retention of the Debtors' professionals;

- negotiating with the Committee, the U.S. Trustee, the DIP agent and DIP lenders, and numerous other interested parties in these chapter 11 cases toward a value-maximizing exit from bankruptcy;

- confirming the Plan;

- satisfying the necessary criteria established under the Plan to go effective, and subsequently going effective; and

- numerous tasks related to the administration of the Reorganized Debtor's estate including the review and reconciliation of administrative claims.

10. As a result of the Reorganized Debtor's focus on other matters associated with its restructuring and emergence from bankruptcy, the Reorganized Debtor is not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether it should remove certain Actions.

11. It is also possible that the Reorganized Debtor may become aware of other Actions, at which point the Reorganized Debtor will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Reorganized Debtor seeks an extension of the Removal Period to provide it with time to decide whether to remove any such Actions.

**BASIS FOR RELIEF**

12. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

13. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Reorganized Debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1).

14. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461

(1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (explaining that Bankruptcy Rule 9006(b) provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

15. The Reorganized Debtor is seeking to extend the Bankruptcy Rule 9027(a)(2)(A) deadline, which would otherwise expire on July 7, 2025,[4] to ensure the Reorganized Debtor's right to remove is preserved and that creditors are on notice of such extended removal deadline. The Reorganized Debtor believes additional time to remove the Actions is provided for under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay, Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this Motion out of an abundance of caution. Since the commencement of these chapter 11 cases, as set forth in paragraph 9 above, the Reorganized Debtor has worked diligently to preserve and maximize value for the benefit of all stakeholders.

16. As a result of the foregoing efforts and various others, the Reorganized Debtor has not had sufficient time to determine if any Action should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Reorganized Debtor submits that extending the Current Removal

---

[4] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Removal Deadline shall automatically extend the current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

Deadline is in the best interest of the Reorganized Debtor and stakeholders. The extension sought will afford the Reorganized Debtor an opportunity to make more fully informed decisions concerning the removal of any action and will ensure that the Reorganized Debtor and its estates do not forfeit the valuable rights afforded to it under 28 U.S.C. § 1452.

17. Furthermore, the Reorganized Debtor submits that granting the extension requested herein will not prejudice the rights of any other parties to the Actions because such parties may not prosecute them absent relief from the automatic stay. In addition, nothing herein will prejudice any party to an Action that the Reorganized Debtor may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

18. For the reasons set forth above, the Reorganized Debtor submits that extending the Current Removal Deadline through and including January 5, 2026, is necessary, prudent and in the best interests of the Reorganized Debtor and stakeholders.

## Notice

19. The Reorganized Debtor will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Reorganized Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: July 2, 2025
Wilmington, Delaware

*/s/ Jared W. Kochenash*

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Joseph Barry (Del. Bar No. 4221) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kenneth J. Enos (Del. Bar No. 4544) | Ryan Blaine Bennett, P.C. (admitted *pro hac vice*) |
| Jared W. Kochenash (Del. Bar. No. 6557) | Alexander D. McCammon (admitted *pro hac vice*) |
| Rodney Square | 333 West Wolf Point Plaza |
| 1000 North King Street | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 571-6600 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 571-1253 | Email: ryan.bennett@kirkland.com |
| Email: jbarry@ycst.com | alex.mccammon@kirkland.com |
| kenos@ycst.com | |
| jkochenash@ycst.com | -and- |
| | Derek I. Hunter (admitted *pro hac vice*) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: derek.hunter@kirkland.com |
| *Co-Counsel for the Reorganized Debtor* | *Co-Counsel for the Reorganized Debtor* |